## W. R. STEBBINS v. JAMES B. LAIRD.

FINAL ORDER; *Amendments*; *Practice.* Granting leave to amend a pleading is not such an order as can be reviewed on error in the supreme court before the final disposition of the case below.

*Error from Atchison District Court.*

A SINGLE question of practice is decided in this case. The facts and proceedings upon which it arises are sufficiently stated in the brief of plaintiff in error, and the opinion of the court. The order appealed from was made by the district

court at the June Term 1872. *Stebbins,* defendant below, brings the case here on error.

*C. G. Foster,* for plaintiff in error:

Laird brought his suit before a justice of the peace against E. J. Morse and W. R. Stebbins, whom he alleged were partners under the name and firm of "E. J. Morse & Co.," and as such partners made, executed and delivered to plaintiff two certain due bills, owned and held by him, and on which he claimed judgment for $162.09 and interest. To this bill of particulars Stebbins filed a verified answer denying generally the allegations of the bill, and especially denying that he was then or that he ever had been a partner of E. J. Morse. It will be seen the suit was to recover on two "due bills" made by "E. J. Morse & Co." The *main* issue, and in reality the *whole* issue, was whether Stebbins was a member of that firm. On this issue the case was tried before the justice and decided against Stebbins and he then took an appeal to the district court. Laird then asked leave to file an amended bill of particulars, (exhibiting the same,) to which Stebbins objected because it changed substantially the plaintiff's claim. The court permitted the same to be filed. Said amended petition changes in *every* respect the nature of the plaintiff's claim. It is in fact an abandonment of his original action on the two due bills against "E. J. Morse & Co." It institutes an action against W. R. Stebbins alone, and *not* as a member of the firm of E. J. Morse & Co., but as a member of a firm composed of W. R. Stebbins, G. I. Stebbins and one *Joseph* Morse, (not E. J. Morse,) known as the firm of "Stebbins & Morse." The due bills were dropped entirely. The firm of E. J. Morse & Co. for whom he alleged he had done the work, and who had given their due bills for it, were also dropped out of the case. Every issue tried before the justice was abandoned, and a new suit brought with more than fifty dollars costs tacked on to abide the event.

1. We maintain that under § 139 of the code the court cannot permit any amendment when such amendment changes

substantially the claim or defense. That section provides that the court may, in furtherance of justice, make certain amendments, enumerating the same, "when *such* amendment does not change substantially the claim or defense." This restriction applies to each and every amendment named in that section. It is placed at the foot of the whole list of amendments, and in this consists the difference between our code and the Ohio and New York codes, and thus the inapplicability of the decisions under those codes. The power of the court to allow amendments is derived solely from the code, (1 Kas., 425,) and that power is just as much limited under § 139 code of 1868, as it was under § 147 code of 1859. The list of amendments is enlarged, but the restriction is the same. Such being the proper construction of § 139 the case of *Irwin v. Paulett*, 1 Kas., 426, 427, is directly in point. See also *Scott, Kerr & Co. v. Smith*, 2 Kas., 443.

2. This order involves the merits of the action, or some part thereof, and is reviewable under § 542 of the code. If it changes the plaintiff's claim, and virtually permits a different action to be substituted for the original one, it involves all the merits of the case, as well as the costs already made. If Stebbins should not deny his liability as a member of the firm of Stebbins & Morse under the new petition what would become of the costs in the abandoned suit against "E. J. Morse & Co." on the due bills?

*Everest & Greenawault,* for defendant in error:

1. The order complained of was not a final order, such as can be made the subject of review in this court by this proceeding. It did not involve the merits of the action, or any part thereof; neither did it determine the action, or prevent judgment. It was a matter resting in the sound discretion of the court, who had the power to allow the amendment, and this court will not undertake to question the exercise of such discretion by the district court before the merits of the action have been reached on trial, and no apparent injury is

shown to the plaintiff in error by Laird's cause of action. Code, §§ 542, 543; 4 Kas., 319; 5 Kas., 249; 43 Ala., 382.

2. There was no error in sustaining the motion of the defendant in error to file said amended bill of particulars. Justice's Act, § 74; Laws of 1870, ch. 88, § 9.

3. The amended bill of particulars did not change substantially the claim of the defendant in error. Laird brought suit on notes given in consideration of certain work and labor, and so stated in said bill. The amended petition counts directly upon an indebtedness for said work and labor. The taking of a due-bill does not extinguish the original claim, unless so expressly agreed, or so understood by both parties at the time.

The opinion of the court was delivered by

BREWER, J.: In a case appealed from a justice of the peace the district court gave the plaintiff (defendant in error here) leave to file an amended bill of particulars. Before trial is had, or indeed any further proceedings in that court, plaintiff in error brings the case here, alleging error in the order granting leave. We do not think such an order one that can be reviewed in this court before a final disposition of the case below. It is claimed to be an order involving the merits of the action, or some part thereof, and therefore reviewable under the third clause of § 542 of the civil code. It is difficult to define exactly the limits of this clause, for nearly every order made in the progress of a trial has such bearing on the case, that without doing violence to language, it might be said to involve some part of the merits of the action. Yet we cannot think that the legislature intended that these intermediate orders should be the subject of review in this court while the action was progressing in the district court. It can only include such orders as amount to an adjudication, a disposition of some part of the claim or defense. Giving leave to amend, does not amount to such a disposition and adjudication. If the amendment should, as is claimed in this case, substitute an entirely new cause of action, it would amount

virtually to the dismissal of one and the commencement of another suit; but the merits of neither would be thereby adjudicated. The petition in error will therefore be dismissed.

All the Justices concurring.