(17 Misc. Rep. 278)

### BOYD et al. v. L. H. QUINN CO.

(City Court of New York, General Term. June 30, 1896.)

1. PRINCIPAL AND AGENT—LIABILITY OF AGENT FOR UNDISCLOSED PRINCIPAL.
   An agent who makes a contract in his own name without disclosing his agency is liable thereon as principal.

2. MEASURE OF DAMAGES—BREACH OF CONTRACT.
   The measure of damages for breach of a contract to deliver goods at a certain time and place is the difference between the contract price of the goods, and the market value at the place of delivery at the time the buyer was notified that the goods would not be delivered.

Appeal from trial term.

Action by Francis O. Boyd and others against the L. H. Quinn Company. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

David Wilcox, for appellant.

Albert B. Boardman and Malcom Graham, for respondents.

O'DWYER, J. There are but two questions presented for review on this appeal,—one as to the measure of damages, and the other upon defendant's nonliability as agent in the transaction.

Upon the question of defendant's agency, no evidence was offered beyond Mr. Quinn's statement, which fell far short of showing an agency, or anything more than that the defendant company dealt exclusively in certain goods. The agency, if any existed, was not disclosed to Ross & Keaney, and the company entered into the contract in its own name. An agent in such a case is a principal as to the person with whom he so deals, and may be sued as such. Further, one may not make himself an agent by mere declaration, nor escape liability because he called himself such. People's Bank of New York v. St. Anthony Roman Catholic Church, 109 N. Y. 512, 525, 17 N. E. 408.

It is well settled that the measure of damages for failure to deliver goods is the difference between the contract price and the market price at the time and place of delivery. The present case, however, is such as to take it out of that rule. The transaction was had with a view to the beneficial delivery of the goods at New York. Where such is the case, that market is in contemplation of the party, and the damage is to be considered with a reference thereto. Durst v. Burton, 47 N. Y. 167; Rice v. Manley, 66 N. Y. 82; Cockburn v. Lumber Co., 54 Wis. 619, 12 N. W. 49. Ross & Keaney were entitled to a reasonable time after breach within which to supply themselves with other goods. The ordinary rule rests upon the theory that the purchaser may supply himself with the like goods at the time of, or immediately after, the refusal to deliver. Here we have a seller as late as the 10th of May leaving the purchaser to believe the contract was being fulfilled. It was not until then that the purchaser could have been asked to go into the market, and replace the goods, and even then he was entitled to a reasonable time. Lister v. Windmuller, 52 N. Y. Super. Ct. 419. The goods were ordered to be shipped by Mr. Quinn, and if they had been shipped from Peoria, Ill., by freight, on May 2d, they would not have arrived in New York until about the 6th. Ross & Keaney could not have heard of the failure to ship, had there been such a failure to ship, until about that time. Even had the goods arrived in New York, Ross & Keaney could not have obtained possession of them without the production of the bills of lading; and the measure of damages is what Ross & Keaney could have bought the goods for on May 10th or 11th, when they received the letter dated

May 10, 1895, which was the first notice they had received that the goods were not to be delivered.

The judgment and order appealed from should be affirmed, with costs.