(18 Misc. Rep. 169.)

BOYD et al. v. L. H. QUINN CO.

(Supreme Court, Appellate Term, First Department.   October 29, 1896.)

1. MEASURE OF DAMAGES—BREACH OF CONTRACT.

The measure of damages for breach of contract to deliver goods at a certain place for shipment to the purchaser is the difference between the contract price and the market value at the place of delivery at the time the purchaser was notified that the goods would not be delivered, the purchaser having used due diligence to ascertain the cause of the non-shipment.

2. HARMLESS ERROR—SUBSEQUENT ADMISSION OF EXCLUDED EVIDENCE.

The erroneous exclusion of testimony is rendered harmless by its subsequent admission.

3. EVIDENCE—ADMISSION—CONCLUSIVENESS.

Where defendant, in an action for breach of contract for delivery of goods, defends on the ground that he acted in the contract as agent merely, an admission by the purchaser, plaintiff's assignor, that he knew defendant was so acting, is insufficient to prove such fact, where defendant proves by his own witness that such was not the fact.

Appeal from city court of New York, general term.

Action by Francis O. Boyd and another against the L. H. Quinn Company to recover damages for the nondelivery of four car loads of high-proof spirits and alcohol purchased by the firm of Ross & Keany, plaintiffs' assignors, from defendant, and which defendant failed to deliver. From a judgment of the city court (40 N. Y. Supp. 370) affirming a judgment in favor of plaintiffs entered on a verdict for $546.25, defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

David Wilcox and Opdyke, Wilcox & Bristow, for appellant.

Albert B. Boardman, Malcolm, Graham & Tracy, and Boardman & Platt, for respondents.

DALY, P. J.   The principal question involved in this appeal is whether the judgment is based upon the correct rule of damages. The contract, which was made on April 26, 1895, was for the purchase of three car loads, or 17,550 gallons, of high-proof spirits, at $1.20½ per proof gallon, and one car load, or 5,750 gallons, of alcohol, at $1.20½ per proof gallon, free on board at Peoria; shipments to be made Monday, Tuesday, Wednesday, and Thursday of the week ending May 4, 1895, and payment to be made on sight draft against documents.   The contract was made in New York, where the parties resided.   Not hearing from the goods, the purchasers, Ross & Keany, on May 8th or 9th, wrote to the defendant, inquiring the cause of the delay, and on May 10th received a letter refusing to make the delivery.   The question is whether the plaintiffs were entitled, as damages, to the difference between the contract price of the goods and their market value at Peoria on the date or dates of delivery, or such difference on the day when they first had notice of the refusal to deliver.   The general rule that the damages recoverable is the difference on the day fixed by the contract for delivery is based upon the assumption that immediately upon the breach the purchaser can go into the market and buy other goods of a similar quality and

quantity. But this rule obviously rests upon the assumption that the purchaser has knowledge at that time of the breach, and in the great majority of cases such is the fact, because delivery is usually made to him, or to some agent who has such knowledge of the facts that the breach would be chargeable to him. But the present case is exceptional in this: that while the contract names Peoria, and certain dates in May, as the place and time of delivery, it does not appear that the purchasers had any knowledge or means of knowing on that date that a breach had occurred or was contemplated. It would not be reasonable to require them to anticipate a breach, and to make provisions in advance for ascertaining whether goods were or were not placed upon the cars at the time mentioned in the contract. Even had they done so, it is possible they would not have acquired knowledge of any breach, because Mr. Quinn, on behalf of the defendant, testified that he had ordered the goods shipped, but had not notified the purchasers that they were not going to receive them until May 10th. It appears that the bills of lading would not have been sent to the purchaser directly, even had the goods been shipped, as payment was to be made when they were presented. The purchasers did use diligence in seeking to learn the cause of the delay, when put upon inquiry by the nonarrival of the bills of lading in expected time; for on the 8th or 9th of May they wrote to the defendant, and prior to that time one of them had inquired of the defendant's office, over the telephone, concerning the delivery, and had been told that Mr. Quinn would have to be seen about the matter. Under such circumstances it would be manifestly unfair to offer the purchasers the difference of market price at the time of delivery in Peoria, upon the ground that at that date they were bound to secure themselves by purchasing other goods in place of those not delivered. And under the facts of this case it must be held that the damages recoverable are the difference between the contract price and the market price on the date when the purchasers were definitely informed that delivery would not be made. The damages allowed were based upon the market price of the goods at the place of delivery, Peoria, on the 10th of May, and I find no ground for the discussion on this appeal of any question as to the market value in New York. By a stipulation in the case the market value at Peoria on May 10th, the earliest date at which the purchasers had notice of nondelivery, was $1.23 per gallon for high-proof spirits, and $1.22 for alcohol; and the difference between these prices and $1.20½ per gallon, named in the contract, gives by computation the exact amount of the verdict.

Another question arising upon this appeal is upon the claim of the defendant that in making this contract it was acting merely as agent for a disclosed principal, by whom the goods were manufactured, the Distilling & Cattle-Feeding Company. Mr. Quinn testified for defendant that at the times involved in this action he was agent for the receiver of the Distilling & Cattle-Feeding Company in the eastern territory, and that his exclusive business was disposing of the Distilling & Cattle-Feeding Company's products in the way of spirits and alcohol. The judge refused to charge the jury that, if the purchasers bought the goods with knowledge that the defendant com-

pany was acting in the premises as agent for the receiver of the Distilling & Cattle-Feeding Company, the defendants should have a verdict. This was not error. The contract for the sale of these goods was made by the L. H. Quinn Company, and not by Mr. Quinn individually. There was no evidence that the company was acting as agent. There is a difference between an agency in Mr. Quinn and in his company. From the whole testimony in the case, it is manifest that this defendant was selling the goods on its own responsibility, and not as agent. Not only does the contract read, "Bought of the L. H. Quinn Company," without any reference whatever to an agency for any party, but in the letter of the defendant repudiating the contract, and refusing to deliver the goods, there is no suggestion it had been acting except on its own responsibility. There is nothing inconsistent with Mr. Quinn's being individually the agent of the receiver for the sale of the products of the Distilling & Cattle-Feeding Company, and a contract by his own corporation, the L. H. Quinn Company, for the sale of such goods as principal.

The alleged error in sustaining an objection to the question, "You knew he was acting as agent for the Distilling and Cattle-Feeding Company?" was cured by a subsequent answer of the witness admitting such knowledge. The defendant's request for the instruction above referred to was based upon an admission by the plaintiffs' assignor Ross, when under cross-examination, that he "knew that L. H. Quinn & Co. were the recognized agents here of the Distilling & Cattle-Feeding Company." This admission would be proof of the fact of agency, if the defendant had been content to rely upon it; but instead of doing so it called L. H. Quinn, and proved by him that he was the agent of the Distilling & Cattle-Feeding Company; thus disproving its own allegation in the answer, disproving any presumption arising from the admission of Ross, and making such admission immaterial, since he could not know what was not a fact. The request based upon admission of such knowledge was therefore properly denied.

The judgment should be affirmed, with costs. All concur.