Draper v. Miller.

No. 18,552.

E. D. DRAPER et al., *Appellees,* v. EDWIN L. MILLER, *Appellant,* and W. PRESTON et al., Partners, etc., *Appellees.*

OPINION DENYING A REHEARING.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion denying a rehearing filed July 7, 1914. (For original opinion of affirmance see *ante,* p. 275, 140 Pac. 890.)

*Edwin S. McAnany, Maurice L. Alden,* both of Kansas City, *Glen Sherman,* of Kansas City, Mo., and *D. R. Hite,* of Topeka, for the appellant.

*K. P. Snyder,* and *T. A. Pollock,* both of Kansas City, for the appellees; *James T. Cochran,* of counsel.

The opinion of the court was delivered by

MASON, J.: Upon the consideration of a petition for a rehearing the court adheres to the view already expressed. It is urged that a recovery against the defendant should have been denied because Preston Brothers, the original contractors, had not paid an occupation tax in conformity with the ordinance. The ordinance required the payment of a tax of $7.50 each

six months by any one carrying on in the city of Kansas City, Kan., the occupation of "plumber or plumbing shop." Preston Brothers were in business in Kansas City, Mo. We think this ordinance was not violated by their making a contract with the defendant to install the plumbing of his residence; nor would it have been violated at all if the plaintiff had paid his tax in due season. The violation of the ordinance resulted from the fact that the man who did the actual work was not authorized to carry on the occupation of a plumber. When his incapacity was cured by the action of the city council it, in our view, rendered the contract enforceable.

The disagreement between the defendant and the contractors as to the amount named in the writing is spoken of in the petition for a rehearing as a misunderstanding as to the contract price. We think in the circumstances stated the conduct of the defendant amounted to a repudiation of the actual contract—a denial of its execution—and brings the case within the rule that a renunciation of a contract amounts to its breach (9 Cyc. 635) ; and where by the conduct or statements of the defendant the plaintiff is justified in abandoning the contract a recovery may be had for the reasonable value of the labor and material furnished (20 Dec. Dig., Work and Labor, § 14 (2), p. 2285).

The defendant makes an appeal for a new trial on the ground that a wrong decision was reached upon the facts, and that this result was brought about by perjured testimony. This court, however, can only consider the questions of law presented, the conflict in the evidence having been sharp and direct.

The petition for a rehearing is denied.