No. 20,826.

THE KANSAS FLOUR MILLS COMPANY, *Appellant*, V. E. L. DIRKS, *Appellee*.

### SYLLABUS BY THE COURT.

1. SALE—*Wheat—Contract—Option to Extend Time of Delivery—Option Exercised.* In a contract for the sale of wheat the parties stipulated that it was to be delivered on or-before December 30, 1914, and that in case the seller failed to make delivery on that day the buyer had the option to extend the time of delivery, cancel the contract, or buy wheat on the account of the seller. *Held,* that the seller had all of December 30 in which to deliver the wheat, and as it was not delivered within that time the buyer had a right on December 31 to extend the time of delivery until January 15, 1915.

2. SALE—*Wheat—Contract—Breach of Seller—Buyer's Remedy.* The wheat not being delivered within the time originally fixed or within the extended time, and the market price of wheat having advanced, the buyer was entitled to recover as damages the difference between the contract price and the market price at the place of delivery on January 15, 1915, the time to which the delivery was extended.

Appeal from Rush district court; ALBERT S. FOULKS, judge. Opinion filed April 7, 1917. Reversed.

*T. A. Noftzger, George Gardner,* both of Wichita, *W. H. Russell,* and *Frank U. Russell,* both of La Crosse, for the appellant.

*S. I. Hale,* and *Harry W. Hanson,* both of La Crosse, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Kansas Flour Mills Company brought this action against E. L. Dirks to recover damages for breach of a contract to deliver wheat. The contract for the wheat was as follows:

SHAFFER, KANSAS, Dec. 3, 1914.

"*To The Kansas Flour Mills Company.*

"I hereby offer to sell you 1000 bushels of wheat to be delivered to your elevator at Shaffer, Kansas, on or before Dec. 30th, 1914, for $1.00 per bushel, off grades to be settled for at market difference on day of delivery. If I fail to make delivery as above specified, you may extend

time of delivery, cancel contract, or buy in for my account, at your option.                                                    "E. L. DIRKS.

"The above offer is accepted this 3rd day of December, 1914.

"THE KANSAS FLOUR MILLS COMPANY.

"By GEO. W. VANHORN."

The defendant, without any valid or legal excuse, failed to deliver but seventy-eight bushels. On December 31, 1914, plaintiff, for the purpose of extending the contract, wrote the following letter which the defendant received in due course of mail:

"On Dec. 3rd you contracted with our agent at Shaffer 1000 bu. wheat for delivery on or before Dec. 30th and up to the present writing have delivered only 78 bu. We are extending this contract until Jan. 15th and must ask that you deliver the wheat by that time. If you do not deliver the wheat we will have to buy it in for your account, and charge you with our loss."

On December 30, 1914, the market price of wheat at Shaffer was $1.12 per bushel, and on January 15, 1915, it was $1.29. The defendant contended that the contract was breached on December 30, and that plaintiff could not exercise the option after that time, and the trial court decided that plaintiff's letter of December 31 did not extend the contract as it had already expired, that its breach occurred on December 30. Judgment was rendered in favor of plaintiff for $32.64, the difference between the market price on December 30 and the contract price, less $78, the value of the wheat defendant had delivered to plaintiff.

On this appeal it is insisted that the defendant had all of December 30 in which to make delivery, that the earliest possible day for plaintiff to make its election to extend the contract was December 31, that the contract was duly extended to January 15, that the market price on that date should govern in determining the damages to which it was entitled, and that it should have been awarded judgment against the defendant for $189.38 with interest thereon from January 15, 1915. Did the contract end on December 30, or was it continued by the action taken by the plaintiff on the following day? Defendant was entitled to all of December 30 in which to make delivery of the wheat just the same as he was to the 29th day of that month. Delivery under the contract was to be made on or before the 30th day of December and defendant

would not have been in default if delivery had been made at any business hour of that day. In the absence of notice to the contrary the plaintiff had a right to assume that the defendant would deliver the wheat before the lapse of the day fixed in the contract, and if it had been tendered· during that day the plaintiff could not have declared a cancellation of the contract. The option reserved to the plaintiff had to be promptly exercised after the default, and the extension could only be made for a reasonable time. The exercise of the option on the day following the expiration of the time fixed in the contract was in good time and the notice given to the defendant in the letter of December 30, extending the time of delivery until January 15, 1915, must be regarded as having fixed a reasonable time and to be a proper exercise of the option named in the contract. The court was therefore in error in holding that plaintiff could not exercise the option under the contract after the 30th day of December.

A proper measure of damages where the seller fails to deliver grain or other chattels at the time stipulated in the contract of sale is the difference between the contract price and the market price at the time and place of delivery. (*Stewart v. Power,* 12 Kan. 596; *Gray v. Hall,* 29 Kan. 704.) While holding that the contract was not extended, the court awarded the plaintiff the difference between the contract price of $1 per bushel and $1.12, which was the market value of wheat on December 30. It appears that before that date defendant did deliver 78 bushels, and reckoning the value of the balance of the wheat, 922 bushels, at 12 cents per bushel, the difference between the contract and market prices, it would amount to $110.64; but it appears that the plaintiff had not paid for the 78 bushels that had been delivered, and subtracting the value of that quantity from the increased value of that not delivered we have $32.64, the amount for which judgment was given.

The plaintiff insists that it was entitled to an award based on the price of wheat on January 15, 1915, the time of delivery fixed by the extension of the contract. This contention must be sustained. The option to extend the time of delivery was a part of the contract. It was supported by the same consideration as the stipulation fixing December 30 as the time of delivery, and when the option was exercised and a reasonable

time named by plaintiff for delivery it was just as binding upon the defendant as if it had been the original time fixed by the contract.   The court found that defendant was in the wrong and had no valid excuse for his failure to deliver the balance of the wheat.   He had stipulated that settlement should be made as of the agreed time of delivery and also that the time of delivery might be extended by the plaintiff.   Market prices fluctuate, and if prices had declined between December 30, 1914, and January 15, 1915, defendant would have had a right to settle by the ruling price on January 15, which had become the agreed date for delivery by the action taken in accordance with the provisions of the contract.   He breached the contract, and he should not be permitted to say that it ended on December 30 when it was expressly agreed that it might be kept alive for a longer time regardless of whether it should be for the benefit of one or both of the parties and where the stipulated steps had been taken to keep it alive.   It does not appear that there was a rescission of the contract by plaintiff on December 30, or at any time before January 15, the date when the contract actually expired.   The plaintiff was entitled to recover as damages 29 cents a bushel on the 922 bushels not delivered, or $267.38, less $78, the value of the wheat which was delivered.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff for $189.28, with interest thereon at the rate of six per cent per annum from January 15, 1915.