No. 22,122.

M. W. CARDWELL, doing business as THE M. W. CARDWELL GRAIN COMPANY, *Appellee*, v. BRIGHAM UHL, *Appellant*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Sale—Contract Repudiated—Action for Breach—Not Prematurely Brought.* Where a seller, who has agreed to deliver goods within a certain time, notifies the buyer that he will not perform his contract, the latter may treat such action as an anticipatory breach and bring an action for damages without waiting for the expiration of the period originally allowed for delivery.

2. SAME — *Renunciation — Issues Raised by Pleadings — Evidence.* The plaintiff pleaded that the rules of the board of trade had been made a part of a contract for the sale of grain to him. The defendant answered denying the contract, and alleging that the board of trade was a gambling concern. No reply was filed. *Held*, that as no proof was made of the rules of the board of trade, and as the plaintiff did not in any way rely upon them, there was no occasion for submitting to the jury any issues concerning that body.

3. SAME — *Confirmation of Oral Contracts — Customs.* Where there is evidence of a practice among grain dealers, which had been followed in prior transactions between the parties, to mail letters of confirmation of oral contracts, such confirmations are admissible in corroboration of testimony that oral contracts to which they refer were made.

4. SAME—*Future Delivery of Wheat—Renunciation by Seller—Damages—Rights of Buyer.* One who, having agreed to deliver goods within a fixed time, renounces the contract, cannot complain that the buyer de-

'lays for a short time to purchase elsewhere (giving him the oppor-tunity meanwhile to reconsider and carry out his agreement), at least where no increase in the market price is shown to have occurred in the interval.

Appeal from Shawnee district court, division No. 1; ROBERT D. GARVER, judge. Opinion filed July 5, 1919. Affirmed.

*Joseph G. Waters,* and *John C. Waters,* both of Topeka, for the appellant.

*Tinkham Veale,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: M. W. Cardwell recovered a judgment against Brigham Uhl on account of his failure to perform two contracts for the delivery of wheat. The defendant appeals.

1. One of the contracts, entered into on October 16, 1916, called for the delivery within sixty days, or by December 15. The action was begun on December 13, 1916. The defendant asserts that it was prematurely brought. There was evidence, which the jury must be deemed to have accepted, that the de-fendant, on November 30, explicitly declared that he would not carry out either of the contracts. The plaintiff was justified in treating this as an anticipatory breach, and there was no occa-sion to delay the bringing of the action until the time originally fixed for the performance. (13 C. J. 701; 6 R. C. L. 1023-6; *Cooper v. Bower,* 78 Kan. 156, 163, 96 Pac. 59; *Draper v. Mil-ler,* 92 Kan. 695, 141 Pac. 1014.)

The other contract provided for a delivery within a reason-able time, or as soon as the defendant could procure cars. Complaint is made because the court did not instruct the jury as to what constituted a reasonable time, and because there was no evidence as to when the cars could have been procured. The contract having been repudiated by the defendant, these matters became immaterial.

2. The petition alleged as to each contract that it was orally made, and that the plaintiff at once mailed the defendant a written confirmation, "according to the rules of the Board of Trade which were made a part of this contract." The answer contained denials that the contracts had been made and "that the defendant ever had anything to do with the rules of the

Cardwell v. Uhl.

Board of Trade of Kansas City or elsewhere and which he alleges is a gambling concern." No reply was filed, and no reference was made to the board of trade in the instructions. The defendant argues that his allegation that it was a gambling concern stood admitted, and that the trial court should have given an instruction regarding it. The statement concerning the board of trade was obviously inserted in the petition as a foundation for giving the letters of confirmation more force than they would otherwise have. No proof was made or attempted as to the rules of the board of trade concerning confirmation, or anything else. There is nothing in the record to suggest that the contracts sued upon, if made, did not contemplate the actual delivery of the grain. The character of the board of trade, therefore, could not affect the plaintiff's rights herein.

3. The defendant complains of the instructions given upon the issue as to whether or not the contracts were entered into. Criticism is made of an instruction that no particular form of words is necessary to constitute an oral contract, but it appears to be unobjectionable. Complaint is also made of a reference in the charge to the letters of confirmation. These letters were not given the controlling force sometimes attributed to such communications. The court merely told the jury they might consider them in connection with the other facts and circumstances shown, in determining whether or not oral contracts had been entered into. As there was evidence of a general custom among grain dealers to send such written confirmations, and of their use in previous deals between these parties, the fact of their having been sent in this instance was a matter to be weighed by the jury.

4. The appellant's final contention is that error was committed in allowing a recovery of the difference between the contract price and the market price on the day the plaintiff bought wheat, in lieu of that which the defendant was to have furnished. The evidence was that on November 30 the plaintiff wrote to the defendant, stating in substance that unless he heard from him to the contrary by eleven o'clock on the morning of December 4, he would buy the wheat elsewhere and look to him for the difference in price, and that, not having heard from him, the purchase was made at that time. It has been

determined by this court that where the seller, in advance of the time fixed for delivery, declares that he will not fulfill his contract, the buyer may at once purchase at the market price and look to the seller for the difference. (*Flour Co. v. Brandt,* 98 Kan. 587, 158 Pac. 1120.) The seller certainly cannot complain of a delay of a few days, during which a further opportunity is given him to reconsider his decision and carry out the contract, at least where, as in this instance, he makes no showing of any increase in price during the interval.

The judgment is affirmed.