No. 22,374.

J. H. BRUMLEY, *Appellee,* .v. C. W. THOMPSON, *Appellant.*

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Motion to Petition Overruled—No Error.* It is not reversible error to overrule a motion to make a petition more definite and certain, where the petition ·fully informs the defendant of ·the plaintiff's cause of action.

2. SALE—*Corn—Partial Breach of Contract—Measure of Damages.* "In an action by the buyer against the seller for breach of contract for the delivery of corn, the measure of damages is, as a general rule, the market value of the corn at the time and place of delivery, less the contract price." (*Mercantile Co. v Lusk,* 45 Kan. 182, syl. ¶ 1, 25 Pac. 646.)

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed January 10, 1920. Modified.

*J. I. Sheppard,* and *James G. Sheppard,* both of Fort Scott, for the appellant.

*D. G. Smith,* and *D. H. Woolley,* both of Girard, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment in the sum of $775.60, for the balance on the purchase price of corn sold to the defendant, who appeals. That amount included interest.

On December 1, 1917, the plaintiff and the defendant entered into the following written contract:

"This contract entered into by and between J. H. Brumley, party of the first part, and C. W. Thompson, party of second part, first party agrees to sell, deliver to second party within Thirty days Thirty Five Hundred Bushel White corn, and second party agrees to pay for same One Dollar and Twenty cents per bushel, first party acknowledges receipt of One Hundred Dollars as first payment on above corn. This being all the corn party of first [part] has to sell of this years growth being Thirty Five Hundred Bushels more or less."

On December 22, 1917, the parties to the contract signed the the following addition thereto:

"J. H. Brumley and C. W. Thompson enter into an agreement whereby C. W. Thompson agrees to allow J. H. Brumley thirty days more time on delivery of Thirty Five Hundred Bushels of corn sold said C. W. Thompson to be delivered January 1, 1918, or before, said constract was entered into Dec. 1, 1917. Said J. H: Brumley agrees to deliver as soon as can get corn out of field. Dated Dec. 22, 1917."

The plaintiff delivered to the defendant 1,608 bushels of corn and received therefor $1,200. That left $730.40 unpaid on the contract price for the 1,608 bushels of corn, which was all the corn the plaintiff desired to sell. He raised 3,700 bushels of corn and fed all but the 1,608 bushels thereof to his live stock. Early in January, 1918, he notified the defendant that he had delivered the 1,608 bushels of corn, and that that amount was all he had to sell. He then requested the defendant to pay him the balance of the contract price therefor. That, the defendant refused to do, and demanded that thirty-five hundred bushels of corn be delivered to him. On January 30, 1918, the last day fixed for the delivery of the corn, the market price of corn at Hepler was $1.30 a bushel. On the trial, evidence was introduced to explain the terms of the contract.

1. Complaint is made of the overruling of a motion filed by the defendant to require the plaintiff to make his petition more definite and certain. This matter has been examined, and no error appears in the order overruling the motion. The petition fully informed the defendant of the plaintiff's cause of action, and there was no reversible error in overruling the motion to make more definite and certain.

2. The defendant argues that the contract, with the supplemental written agreement, was plain and unambiguous; that

Brumley v. Thompson.

therefore no evidence should have been introduced to explain its terms; and that the court should have construed the contract, and should not have submitted it to the jury for determination.

The contract provides for the sale of thirty-five hundred bushels of white corn. It also states, "This being all the corn party of the first part has to sell of this year's growth, being thirty-five hundred bushels more or less." What is the proper construction of these provisions? The subsequent extension agreement signed by the parties states that the amount sold was thirty-five hundred bushels. The explanation, "This being all the corn party of the first part has to sell of this year's growth, being thirty-five hundred bushels more or less," does not limit the amount of corn sold under the contract, but states that thirty-five hundred bushels is all the corn the plaintiff had to sell, and provides for a small variation from that amount by using the words "more or less."

Under this construction of the contract, oral evidence to explain its terms was inadmissible, and the defendant is entitled to his bargain. He should recover the damage sustained by him by reason of the plaintiff's failure to perform his part of the contract. That damage is the difference between the price agreed to be paid for the corn and the market price of corn at Hepler on January 30, 1918. (*Stewart v. Power,* 12 Kan. 596; *Mercantile Co. v. Lusk,* 45 Kan. 182, 25 Pac. 646; *Lumber Co. v. Lumber Co.,* 86 Kan. 131, 119 Pac. 321; *Flour Co. v. Brandt,* 98 Kan. 587, 158 Pac. 1120; *Flour Mills Co. v. Dirks,* 100 Kan. 376, 164 Pac. 273.)

The market price of corn at Hepler on January 30, 1918, was $1.30 a bushel. The defendant was damaged ten cents a bushel on 1,892 bushels, the amount of corn that was not delivered. His total damage was $189.20. That amount with interest thereon should be deducted from the plaintiff's judgment. The plaintiff recovered six per cent interest on the unpaid purchase price, and interest should therefore be allowed on the $189.20 to the date of judgment, January 15, 1919, which amounts to $10.86. That makes the total deduction from the amount of plaintiff's judgment $200.06. No good purpose will be served by sending this cause back for a new trial; there-

fore, judgment will be rendered by the district court in favor of the plaintiff for $575.54, with interest thereon from January 15, 1919, at six per cent per annum.