No. 23,214.

THE TRUSLER GRAIN COMPANY, *Appellant*, V. THE EARLTON GRANGE COÖPERATIVE ASSOCIATION, *Appellee*.

SYLLABUS BY THE COURT.

1. SALE OF WHEAT—*Contract Made by Correspondence.* Correspondence touching the purchase of certain grain examined, and held to evidence a contract for two cars of wheat.

2. SAME—*Details in Letter of Confirmation.* The letter of confirmation involved herein held to have supplied certain details of the contract indicated by the offer by letter and acceptance by wire.

3. SAME—*Failure of Seller to Deliver—Remedies of Purchaser.* The contract evidenced by the offer, acceptance and letter of confirmation held to have given the plaintiff the right to buy in wheat on defendant's account on the latter's failure to ship in the time specified.

4. SAME—*Pleadings — Allegations of Petition Stricken Out — Right of Appeal.* The allegations stricken from the petition on motion took certain matters, constituting a part of the cause of action, out of the case, and the order to strike is therefore held appealable.

5. SAME. The order to strike from the petition all reference to the letter of confirmation, held error.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed June 11, 1921. Reversed.

*J. Graham Campbell,* and *Ray Campbell,* both of Wichita, for the appellant.

*W. R. Cline,* and *J. Q. Stratton,* both of Erie, for the appellee.

The opinion of the court was delivered by

WEST, J.: This is an appeal by the plaintiff from an order striking from its petition all reference to a certain letter of confirmation following an exchange of communications between the parties touching a purchase of grain.

On October 28, 1919, the defendant wrote the plaintiff in response to an inquiry—

"On reflection I have decided to load you one or two cars of wheat at your offer of 8c above Government price, no Com. if we can get the cars 15 or 20 days shipment. Let us know where to order the cars to."

The plaintiff in reply wired: "Book two cars order cars for Fairbault Minnesota Thanks." The same day the wire was

sent and received, the plaintiff mailed the defendant a letter of confirmation, stating among other things:

"We confirm purchase from you by letter and wire of two cars capacity bushels of red wheat. Basis of Grade No. 1 at $2.26 per bushel basis of F. O. B. Kansas City, Mo., our option of diversion and routing, provided point at which weights and grades are to be obtained is not herein specified. Shipment via any road within fifteen to 20 days Minneapolis grades, Minneapolis weights, to be billed Fairbault, Minn. Lower grades to apply Government scale. Lower Grades DO NOT apply on This Contract WITHOUT OUR CONSENT. . . . When shipments are *not* made according to contract, we reserve the right, without further notice, to *extend* time of shipment, cancel, or buy in the grain for the· seller's account, unless at seller's request previous to expiration of time limit of shipment, other arrangements are made covering seller's failure to make shipment within specified time. . . . Receipt of this contract by the seller, without immediate notice to us of error, is an acknowledgment of the acceptance of all the conditions thereof."

It will be seen that, if this letter be considered binding on the defendant, it has the effect of clearing, in the contract evidenced by the previous correspondence, these items: It calls for two cars, not one or two; if shipments are not made in the specified time the plaintiff can extend or buy in on the defendant's account. Aside from any other possible features working changes in addition thereto, these are manifest.

The petition alleged that this confirmation was pursuant to the general trade custom of the grain business, known and understood by the defendant, who received it without objection. The offer was to ship one or two cars and the order was to ship two. There is no diversity as to the time in which they were to be shipped, but as to the effects of the delay the contract as evidenced by the letter and reply was silent. It is a matter of business caution to confirm any contract made orally or by wire, by written communication supplying the details which are left out of the brief communications which have theretofore passed between the parties. Here, as was said in *Strong v. Ringle,* 96 Kan. 573, 152 Pac. 631, "there was a contract, and the question is, What were its terms?" (p. 575.) The allegation that this confirmation was sent to and received by the defendant pursuant to a known and understood custom of the grain business must be taken as true on demurrer, and if this allegation were expressly admitted we would then have a contract evidenced by the offer, the tele-

Grain Co. v. Coöperative Association.

gram and the letter of confirmation, and not merely one evidenced by the offer and acceptance alone.

One of the proper offices of usage and custom is "to supply necessary matters upon which the contract itself is silent." (*McSherry v. Blanchfield,* 68 Kan. 310, syl. ¶ 3, 75 Pac. 121.) In *Bossemeyer Bros. v. Grain Co.,* 108 Kan. 534, 196 Pac. 431, it was held that the rules of the grain association under which the parties were operating entered into and formed part of the contract. Under the allegations of the petition now before us the known and understood custom of the grain trade gave to the letter of confirmation the office of supplying the necessary matters of detail upon which the contract was silent. In *Cardwell v. Uhl,* 105 Kan. 249, 182 Pac. 415, it was held that where there is evidence of a practice among grain dealers, followed in prior transactions, of mailing letters of confirmation of oral contracts, such confirmations are admissible in corroboration of testimony that such oral contracts were made. In *Wallingford v. Grain Co.,* 100 Kan. 207, 213, 164 Pac. 275, of the written confirmation of a phone contract it was said that stating the terms, the price, the destination and weight, it reserved "also the right to buy in the grain for the seller's account if shipments were not made according to contract." *Strong v. Thurston,* 107 Kan. 368, 191 Pac. 575, held that the failure of the defendant to make objection to the letter of confirmation amounted to an acceptance thereof.

As the matter stricken from the petition took that part of the cause of action out of the case, the order to strike was appealable. (*Whitlaw v. Insurance Co.,* 86 Kan. 826, 122 Pac. 1039; *Norman v. Railway Co.,* 101 Kan. 678, 168 Pac. 830.)

It is held that the offer meant that the seller would furnish one or two cars as desired by the buyer, and this together with the acceptance was a contract for two cars; that these together with the letter of confirmation gave the plaintiff the right to buy in in case the defendant refused to ship, and further, that it was error to strike from the petition such letter of confirmation.

The judgment is therefore reversed and the cause remanded for further proceedings in accordance herewith.