No. 24,888.

A. S. BENNETT, as the BENNETT COMMISSION COMPANY, *Appellant*, v. H. HATFIELD, *Appellee*.

SYLLABUS BY THE COURT.

SALE—*Wheat Contract—Option Reserved in Contract—Seller in Default—Measure of Damages.* A provision in a wheat contract by which the buyer reserves the option, in case shipments should not be made in accordance therewith, "to extend the time of shipment, cancel contract, or buy in for seller's account" does not deprive him of the right, in the event of the seller's default, to recover damages measured by the difference between the contract price and the market price at the time delivery was to have been made, without showing that he had purchased any wheat elsewhere.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed January 12, 1924. Reversed.

*Eugene S. Quinton,* of Topeka, for the appellant.

*A. M. Jackson,* of Winfield, and *W. T. McBride,* of Wellington, for the appellee.

9—115 KAN.

The opinion of the court was delivered by

MASON, J.: A. S. Bennett sued H. Hatfield, alleging that the defendant had entered into a contract for the sale to him of wheat, which had not been performed, and asking judgment for the difference between the agreed and the market price at the time set for delivery. A demurrer to the petition was sustained, and the plaintiff appeals.

The contract contained this provision: "When shipments are not made according to contract, we [the buyer] reserve the option, without further notice to extend the time of shipments, cancel contract, or buy in for seller's account." In support of the demurrer it is urged that by the clause quoted the remedy of the plaintiff was limited to the three options named, and as he did not, so far as the petition shows, extend the time, or cancel the contract, or buy in for the defendant's account, no cause of action is stated.

In our view the reservation of these options did not take away or impair the plaintiff's right to the relief to which a buyer is ordinarily entitled upon a refusal of the seller to delivery—a recovery of the amount by which the market price at the time of delivery exceeded that contracted for. Without express stipulation the buyer may buy elsewhere and recover the amount necessarily expended in excess of the agreed price. The existence of that privilege does not cut off the right to rely upon the ordinary measure of damages already stated. (24 R. C. L. 70, 71; 35 Cyc. 641, notes 97 and 98, and cases cited in supplements thereto.)

"A market value at a given place presupposes that merchandise of that character was at that time and place sold or offered for sale, and thus the opportunity is presented the vendee of buying the article in the open market to be used for the special purpose intended, and of recovering of the defendant the difference between such market value and the contract price. But he cannot neglect to buy when he has the opportunity in the market and then charge the defendant with the special damages resulting. Nor does the law require him to buy in order to secure the damages actually sustained by a breach of the contract. It would not advantage the defaulting party if he should do so; for, if he buys at the market value, the result to the other party is the same as if he simply proved the market value." (*Saxe v. Penokee Lumber Co.*, 159 N. Y. 371, 379.)

In a recent case it was said:

"In other words, while the provision in the contract may have authorized the plaintiff [the buyer] to purchase other linters in the open market and hold the defendant liable for the difference between the contract price and the

price paid for such other linters, that provision is not mandatory, and does not limit the parties to the remedy thereby conferred." (*Dallas Waste Mills v. Early-Foster Co.*, 218 S. W. [Tex. Civ. App.] 515, 518.)

The contract there involved was made subject to the rules of an association, one of which reads:

"Should a buyer fail to give shipping instructions for linters or to receive them when shipped in accordance with the terms of the contract, the seller may after 48 hours' notice to the buyer cancel the contract or sell the linters in dispute through a recognized broker for the buyer's account, and any loss sustained will be a valid claim against the buyer. Conversely, a buyer may protect himself in case of nondelivery of linters bought." (*Dallas Waste Mills v. Early-Foster Co.*, supra.)

A recovery by the buyer of damages based on the market value has been allowed by this court—although without a discussion of the point here raised—upon a contract providing that he might in the event of the seller's default extend the time of delivery, cancel the contract, or buy in for the seller's account. (*Flour Mills Co. v. Dirks*, 100 Kan. 376, 164 Pac. 273.) There upon the original default the buyer extended the time of delivery by a letter in which he said: "If you do not deliver the wheat we will have to buy it in for your account, and charge you with our loss."

It may be noted that the contract here under consideration is quite different from that involved in *Wichita Mill & Elevator Co. v. Liberal Elevator Co.*, 243 Fed. 99, where it was agreed that "When the seller finds he will not be able to complete a contract within the agreed limit, it shall be his duty to so advise the buyer by mail, telephone, or telegraph, whereupon it shall be the duty of the buyer to at once elect either to buy in or cancel the deficit, or to extend the contract to cover said deficit." (p. 101.)

The judgment is reversed and the cause is remanded with directions to overrule the demurrer.