MARY M. WHITLAW, *Appellant,* v. THE ILLINOIS LIFE INSURANCE COMPANY, *Appellee.*

No. 17,383.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Motion to Strike Out—When Appealable.* An order overruling a motion to strike out parts of an answer, which does not involve the merits nor determine the action, is not appealable, and can only be reviewed in this court after final judgment in the action.

2. ———— *Same.* An order striking out parts of a reply containing new matter pleaded in defense of new matter contained in the answer, and which involves the merits of the action, and precludes the defense so pleaded, is appealable,

Whitlaw v. Insurance Co.

and may be reviewed in this court before judgment in the action.

Appeal from Wyandotte court of common pleas. Opinion filed April 6, 1912. Reversed.

*E. C. Little,* for the appellant; *T. A. Pollock,* of counsel.

*Harkless, Crysler & Histed,* and *Henry W. Price,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The proceedings to be reviewed in this case relate to the pleadings. The action was to recover upon a contract for reinsurance attached to a life insurance policy. The petition contained a copy of the policy, the certificate of reinsurance, a letter signed by the president and secretary of the appellee, the reinsuring company, and a proposition marked "D" made to and accepted by the company which issued the policy. The amended answer contained first, a general denial; second, a denial that the documents set out in the petition constituted a contract; and third, a defense or defenses based upon a contract between the two insurance companies, approved by a federal circuit court in an action brought by a policyholder of the issuing company, in which both companies were parties. The policy provided:

"The said Association further agrees to continue this Insurance without medical reëxamination for other ensuing consecutive terms, of twelve months each, during the life of the insured, upon payment on or before the 28th day of February in each successive year of the annual premium. . . . The annual premium on this policy may, by the consent of the Association, be paid in semi-annual or quarterly equivalent, . . . but failure to pay when due any such semi-annual or quarterly equivalent will then terminate this policy, except as hereinafter set forth.

"In case of claim by death, any unpaid portion of the

annual premium or other indebtedness of the insured to the Association will be deducted from the sum insured."

The contract between the insuring and the reinsuring companies contains provisions quoted in the answer which the appellee alleges change the above provisions of policies of the class sued upon so that the failure to make the quarterly payment of a premium when due works a forfeiture *ipso facto.*

Upon this statement it appears that the principal issue to be tried is simple. Briefly stated it is whether the terms of the policy or of the contract between the two companies shall govern, conceding that such terms are in conflict. In an endeavor to present this issue a voluminous answer, amended answer, and a lengthy reply have been filed, and the case is presented here upon forty-eight assignments of error, based upon rulings on demurrers and motions. The rulings upon various motions directed against the answer and amended answer will not now be considered, a reply thereto having been filed, and the orders appealed from not involving the merits nor determining the action. (Civ. Code, §§ 565, subdiv. 3, 566; *Stebbins v. Laird,* 10 Kan. 229; *A. T. & S. F. Rld. Co. v. Brown, Adm'r,* 26 Kan. 443; *Ludes v. Hood, Bonbright & Co.,* 29 Kan. 49.) Such orders may be reviewed after final judgment. (*Hulme v. Diffenbacher,* 53 Kan. 181, 36 Pac. 60.)

The amended answer contained the following:

"This defendant expressly denies that it executed and delivered to the plaintiff the certain writing attached to the said plaintiff's petition marked exhibit 'D'.

"This defendant expressly denies that the said Exhibits 'B', 'C' and 'D' constituted a reinsurance contract made by the said defendant to and with Francis M. Whitlaw or the plaintiff herein."

This defense was verified thus:

"That the Second Defense of the foregoing answer is true, and that the defendant denies the execution and

delivery to the plaintiff of the certain writing attached to said petition marked Exhibit 'D.' "

A demurrer was filed to this paragraph on the ground that it did not state facts constituting a defense. The denial contained in this defense is not of the execution of the paper alone, but of its execution *and delivery to the plaintiff*. Delivery to the plaintiff who is the beneficiary only was not necessary; it should have been, and it appears that it was, delivered to the policyholder. It is true that the petition contained a general averment, probably made through inadvertence, that all these papers were delivered to the plaintiff, but this clause is immediately followed by the qualifying statement that the proposition, exhibit "D," was issued to the trustees and policyholders, and that the other papers were sent to Francis M. Whitlaw (the insured) and the plaintiff. The concluding part of this defense is only the statement of a legal conclusion of the pleader, that the papers referred to do not constitute a contract. This conclusion is erroneous, for they do import a contract of reinsurance, and the defense demurred to was insufficient. It is argued that under several decisions of this court the ruling upon the demurrer is not reviewable at this stage of the case. Without considering that question under the provisions of the present civil code, it is deemed proper to express the views of this court upon the sufficiency of this part of the answer in view of further proceedings to be taken in the case. It should be observed in this connection that the statute under which it is claimed that the federal court proceedings were conducted provides that the proposition of a company offering to reinsure the policies of another company shall be formulated and the substance transmitted to the policyholders. (Laws 1903, ch. 336.) The answer in another paragraph avers that this was done, and that to the best knowledge and belief of the pleader exhibit "D"

—

of the petition is the summary of the proposition so submitted and transmitted. Thus it appears there was really no material dispute about the facts relating to exhibit "D."

The new matter in the reply, pleaded as a defense to the allegations of the answer relating to the federal court proceedings and contract between the two insurance companies, was stricken out on motion of the appellee. The parts so stricken out stated in substance that the insured was not a party to the action in the federal court; that his rights as a policyholder were not in issue in that action; that any order or decree of that court changing the terms of the policy, or in any manner affecting it, except as stated in proposition "D," were of no effect against the insured and his beneficiary; that by that proposition and its letter set out in the petition the appellee induced the insured to believe that he would be and was reinsured upon the terms of his policy without change, upon the faith of which he paid his premiums to the reinsuring company, which is now estopped from claiming any such change; that the proposition contained in exhibit "D" was authorized and issued by the appellee, and the insured with other policyholders, gave his proxy to vote upon that proposition and no other, and that he never consented to, nor became bound to accept any contract for any other or different terms of insurance than those stated in his policy, and that any contract embracing different terms was obtained fraudulently and deceitfully. The reply also pleaded a custom of the appellee to waive the payment of premiums at the exact date when due, and alleged that the payment upon which default is claimed was received by that company and credited upon its books on July 2, 1908. It was also alleged in the reply that the appellee received funds amounting to over $100,000, which, as provided in the policy sued upon and the provisions of proposition "D," should have been applied to the payment of premiums,

and that a share thereof is applicable to the payment of premiums upon this policy, which when applied will pay and more than pay any premiums otherwise appearing to be in default thereon.

The appellant contends that under the terms of the policy, the certificate of reinsurance, the letter of confirmation, and the proposition submitted to and accepted by the insured, the default, if any, in the payment due May 30, 1898, did not work a forfeiture, but that any sum then due should be credited on the amount due on the policy, while the appellee contends that under the agreement referred to between the companies, approved by the federal court, the policy lapsed by such default. In proposition "D" there is no statement of any change in the terms of policies with respect to the time of payment of premiums or in the consequences to follow a default, and the appellant contends that the statute under which the proceedings were taken gives no authority to bind policyholders otherwise than upon the proposition which was transmitted to them and upon which they were authorized and required to vote. (Laws 1903, ch. 336.) The issues, which could have been presented by concise statements of the facts, as the code requires, are obscured by prolixity of pleadings.

The appellant had the right to plead new matter of the nature already referred to, stated in his reply in avoidance, or by way of defense to that part of the answer setting up the proceedings in the federal court. That the reply was informal must be conceded, but that was a matter for correction in form and not a sufficient ground for striking it out without ordering such changes. This order had all the force and effect of an order sustaining a demurrer. It involved "the merits of an action or some part thereof" (Civ. Code, § 565, subdiv. 3) and precluded the defense so pleaded to the new matter contained in the answer, and is appealable. Had the motion related only to that part of

the reply pleading a custom of receiving payments of premiums overdue, an order sustaining it would not have been erroneous since the custom, or waiver, if relied upon should be pleaded in the petition.. (*Surety Co. v. Bragg*, 63 Kan. 291, 65 Pac. 272.)

The order striking out the reply is reversed, with directions to allow such amended pleadings to be filed as will clearly present the issues, and to proceed with the cause.