No. 27,163.

J. M. WIGTON, *Appellant*, v. D. H. DONNELLY, *Appellee*.

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Decisions Reviewable—Motion to Strike from Petition.*
In an action to recover funds alleged to have been unlawfully appropriated by an attorney, the proceedings examined, and *held*, the sustaining of a motion to strike out certain letters attached to the petition was not an appealable order.

2. ATTORNEY AND CLIENT—*Duty to be Loyal.* A lawyer's duty includes honesty, fidelity, utmost good faith and honorable dealing toward his client.

Appeal from Stafford district court; RAY H. BEALS, judge. Opinion filed February 12, 1927. Appeal dismissed.

*Paul R. Nagle*, of St. John, for the appellant.
*Robert Garvin* and *Evart Garvin*, both of St. John, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover certain funds alleged to have been unlawfully appropriated by the defendant. Material allegations of the original petition were:

---

Appeal and Error, 3 C. J. p. 489 n. 35. Attorney and Client, 6 C. J. pp. 588 n. 48, 589 n. 49, 591 n. 69, 682 n. 84, 87; 19 L. R. A. n. s. 414; 43 L. R. A. 54; 2 R. C. L. 966, 1096. Pleading, 31 Cyc. p. 92 n. 97.

Wigton v. Donnelly.

"That on or about the first day of November, 1923, the defendant withdrew from the First State Bank of Stafford the sum of $443.25 belonging to the plaintiff and retained the sum of $200 of said amount, remitting the sum of $243.25 to plaintiff on November 10, 1923. That at the time of said acts set forth above, the defendant had been acting in the capacity of attorney for the plaintiff, for the sole and only purpose of supervising the rental of certain Pratt county lands occupied by plaintiff's tenant, one Ben Titus. That said Ben Titus had deposited the sum of $443.25 in said bank to the said plaintiff's credit. That the defendant had no right nor authority, expressed or implied, to withdraw said moneys from the bank, and that his act in doing so was unlawful. That the said defendant had no right to retain said sum of $200. That plaintiff was in no wise indebted to said defendant at the time of said unlawful retention of the $200 and is not now or has not been since at any time from said wrongful retention of said $200, in any way indebted to this defendant. That plantiff has made demand on defendant for the payment of said $200 with lawful interest from the date of November 1, 1923, and that the defendant has wholly failed, refused and neglected to make such payment to the plaintiff."

Plaintiff alleged there are no just claims or set-offs and prayed judgment for the amount due with interest.

Upon and during consideration of a demurrer to the petition, plaintiff asked, was granted leave and filed an amended petition. In it he set out a large number of letters from the defendant. The defendant then filed a motion to strike nine of the letters from the amended petition on the ground that they constituted redundant matter and that plaintiff was pleading his evidence. The letters in question were written at intervals from October 14, 1921, to February 13, 1925. The amended petition and the letters show substantially that plaintiff, who was then at Phoenix, Ariz., employed the defendant as his attorney to supervise the rental of his farm then occupied by one Titus; that defendant wrote plaintiff he would make a reasonable charge for his services; that he later wrote that one Roy Allen had agreed to take the place; later that he had instructed Titus to sell plaintiff's share of the wheat; later, on January 24, 1923, that he had requested Titus a number of times to sell the wheat and send defendant the tickets; that Titus had made one excuse after another but had not complied with his request; that on March 5 defendant advised plaintiff Titus had no right to sell the wheat and the parties who purchased it did so at their peril; that it would take a day or so to go to the different elevators and ascertain the amount of wheat that they had purchased. The petition then alleged that on March 3, 1923, Titus had deposited the pro-

ceeds of the wheat due the plaintiff, amounting to $433.25, to the credit of plaintiff in the State Bank of Stafford; that the defendant had notice and knowledge of such deposit at the time he wrote the letter of March 5, or as the representative and agent of the plaintiff could have obtained such knowledge; that on July 29, following, defendant wrote plaintiff that he was unable to get any definite information as to where Titus sold the wheat and advised plaintiff to prosecute Titus criminally; that September 17, defendant acknowledged receipt of $25 in full for his services from the plaintiff. The petition then alleges that the defendant, at the time of writing such letter, knew that the rent had been paid into the First State Bank of Stafford, and if he did not have such notice he could have ascertained the fact from the tenant or from the parties purchasing the wheat. Another letter on September 17, from the defendant to the county attorney of Pratt county, made complaint in detail against Titus, charging that he had sold the wheat and promised to send defendant the tickets but failed to do so. In this letter he asked the county attorney of Pratt county to prepare a complaint against Titus, and that he, the defendant, would have it signed. On September 22 a letter was written purporting to inclose a complaint against Titus, in which defendant asked plaintiff to sign and swear to the complaint before a notary public. On November 10, defendant wrote plaintiff inclosing his check for $243.25, "in settlement of a criminal action." The petition then alleges that on November 1, 1923, the defendant, with knowledge of such deposit so made by the tenant in the bank, drew a check and withdrew from the bank the $443.25 deposited by Titus for the plaintiff.

A petition should contain a statement of the facts constituting the cause of action in ordinary and concise language and without repetition. (R. S. 60-704.) The amended petition in the instant case did not conform to the requirements of the statute and the court committed no error in sustaining the motion to strike the letters therefrom. If the order to strike had had the effect of a demurrer, it would have been appealable (*Grain Co. v. Coöperative Association,* 109 Kan. 293, 198 Pac. 964) but it had no such effect. Therefore the order sustaining the motion to strike was not appealable (R. S. 60-3302, 60-3303; *Ludes v. Hood,* 29 Kan. 49; *Whitlaw v. Insurance Co.,* 86 Kan. 826, 122 Pac. 1039; *Fox v. Ryan,* 121 Kan. 172), and we are, therefore, compelled to dismiss the appeal. We cannot

Wigton v. Donnelly.

do so, however, without observing that if the allegations of the amended petition together with the letters are correct statements of fact, the defendant is involved in a serious breach of duty toward his client.

"Unprofessional conduct on the part of an attorney involves a breach of duty which professional ethics enjoin. It has been held that it may consist in betraying the confidence, taking advantage of, or acting in bad faith towards his client; in attempting, by any means, to practice fraud, impose upon or deceive the court, the adverse party, or his counsel; . . . and, in fact, any conduct which tends to bring reproach upon the legal profession, or to alienate the favorable opinion which the public should entertain concerning it." (*Ex parte Ditchburn,* 32 Ore. 538, 543, 52 Pac. 694.)

"It is not enough for an attorney that he be honest. He must be that and more. He must be believed to be honest. It is absolutely essential to the usefulness of an attorney that he be entitled to the confidence of the community wherein he practices. If he so conducts in his profession that he does not deserve that confidence, he is no longer an aid to the court, nor a safe guide to his clients." (*Fairfield County Bar v. Taylor,* 60 Conn. 11, 17, 22 Atl. 441.)

"An attorney occupies a fiduciary relation to his client, and confidence is reposed in him, not on account of his financial responsibility, but because he bears the certificate of this court that he is of good moral character and worthy to be intrusted with the interests, business and property of those who require his services. If he receives money belonging to a client and there is no obstacle to its immediate payment the only course consistent with his office is to pay it over immediately, and if there is any obstacle to immediate payment to regard it as a trust fund, and not appropriate it to his own use." (*The People v. Kwasigroch,* 296 Ill. 542, 548, 130 N. E. 344. See also, *Voss v. Bachop,* 5 Kan. 59; *Haverty v. Haverty,* 35 Kan. 438, 11 Pac. 364; *In re Wilson,* 79 Kan. 450, 100 Pac. 75; Id. 79 Kan. 674, 100 Pac. 635; *In re Cherry,* 208 N. W. 197 [Minn.], 45 A. L. R. 1108; note in 43 A. L. R. 54.)

The appeal is dismissed.