No. 31,152

Minnie J. Redfield, *Appellant,* v. The Chelsea Coal Company
and The Crowe Coal Company, *Appellees.*

(26 P. 2d 579.)

Opinion filed November 11, 1933.

*Caroline A. Lowe,* of Pittsburg, and *William H. Sprecher,* of Arcadia, for
the appellant.

*P. E. Nulton* and *G. L. Stevenson,* both of Pittsburg, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action for damages sustained by plaintiff
in a collision between an automobile in which plaintiff was riding
and a truck alleged to have been driven by an employee of defend-
ants. A motion to strike certain matter from the petition was sus-
tained. From that order plaintiff appeals.

The petition of plaintiff alleged the incorporation of the defend-
ants, and that one of them operated a coal mine in Oklahoma and
the other was doing business in Kansas and Oklahoma with offices
in Pittsburg, Kan. It alleged further that one Henry Land was the
driver of a truck and was employed by defendants in hauling coal
from the mine of defendants, and that during all the time mentioned
he was subject to the orders and was under the control of defend-
ants; that the route traveled by Land was from the mines operated
by defendants to the tracks of the St. Louis-San Francisco Railway
Company, and that this route intersected U. S. highway No. 66.
There then followed a careful description of the location of the
mine, the tracks and the roads.

The petition then alleged that on a certain day plaintiff was
traveling from south to north along highway No. 66, in the rear
seat of an automobile, at about thirty miles an hour; that when the
automobile in which plaintiff was riding reached a point where the
road upon which Land was hauling coal intersected highway No. 66
Land drove his truck in a negligent manner upon the highway and

ran it, with great force and violence, into the car in which plaintiff was riding.

The petition then contained the following allegation:

". . . and at said time was the main-traveled highway, carrying heavy traffic between many cities stretching across the United States, among these being Joplin, Chelsea and Tulsa; said highway being commonly known and recently referred to by the supreme court of Oklahoma as 'the main street of America.'"

The petition then alleged that Henry Land was a reckless driver and was not a fit person to be intrusted with a truck, and that all of this was known by defendants; that defendants failed to cause the truck to be fitted with suitable brakes, and that Henry Land failed to retard the speed of the truck before entering upon the highway. The petition then contained the following language:

"Although said defendants and each of them knew, or should have known, that under the rules of the road and of the laws of the state of Oklahoma, said Henry Land should have caused his truck to stop before entering upon said intersection and should have given the right of way to the said car in which this plaintiff was riding."

The petition then alleged that by retarding the speed of the truck he could, by the use of ordinary care, have prevented the injuries sustained by plaintiff; and that the defendants and Land saw the approach of the automobile in which plaintiff was riding and nevertheless drove the truck negligently upon the highway and against the automobile; that the driver of the automobile gave timely notice to Land, but Land nevertheless drove his car negligently upon the highway and against the automobile, and as a result of the negligence of Land the automobile was forced off the road and into a ditch and against a pole with the result that the automobile was demolished and plaintiff was injured. The petition then alleged that at the time of the collision Land was operating the truck for defendants and in the furtherance of their business and pursuant to the orders of defendants. The petition then described the injuries sustained by plaintiff. After setting out the injuries of plaintiff the petition contained the following allegation:

"That said collision between said truck and automobile in which plaintiff was riding resulted in consequence of the negligence and carelessness of the said Henry Land while employed by, and working for, said defendants and each of them and without any fault on the part of this plaintiff."

The petition then set out certain statutes of Oklahoma.

Defendants filed a motion to strike the allegations that have been quoted hereinbefore from the petition. That motion was sustained. From the order sustaining that motion this appeal is taken.

The argument of appellee is that the order was not an appealable one, and that the appeal should be dismissed. R. S. 60-3302 is in part as follows:

"The supreme court·may reverse, vacate or modify any of the following orders of the district court or a judge thereof, . . . *First*—A final order. . . . *Third*—An order that involves the merits of an action, or some part thereof . . ."

This court considered this statute in *Whitlaw v. Insurance Co.*, 86 Kan. 826, 122 Pac. 1039. In that case the court held:

"An order overruling a motion to strike out parts of an answer, which does not involve the merits nor determine the action, is not appealable, and can only be reviewed in this court after final judgment in the action."

In *Wigton v. Donnelly*, 122 Kan. 796, 253 Pac. 400, this court held that for an order striking certain matter from a pleading to be appealable it should have the effect of a demurrer. (See, also, *Fox v. Ryan*, 121 Kan. 172, 246 Pac. 520.)

The matter stricken from the petition was not necessary to the stating of a cause of action. All that was necessary to state a cause of action against defendants was that Land drove the truck negligently; that he was driving the truck in the furtherance of the business of defendants and was in the employ of defendants and that the negligence of Land caused the collision and injury. No allegation necessary to state any of these elements was stricken.

We have therefore concluded that the order appealed from was not an appealable one, and the appeal is dismissed.

HUTCHISON, J., not sitting.