No. 31,943

VIRGINIA McCAUSLAND by H. C. McCAUSLAND, Her Father and Next Friend, *Appellee,* v. MELVIN FILE, *Appellant.*

(40 P. 2d 323)

Opinion filed January 26, 1935.

*Frank A. Lutz* and *A. E. Jordan,* both of Beloit, for the appellant.
*Ralph H. Noah* and *Lynn D. Smith,* both of Beloit, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from rulings on pleadings filed in an action to recover damages for a minor who was injured on the street after nine o'clock unaccompanied by a parent or guardian. Virginia was about nine years old and attended a show in Beloit, and while going home after the show she was negligently struck by defendant's car.

The defendant's answer was that she was there in violation of an ordinance which made her presence on the street a ground of contributory negligence. On motion of the plaintiff the court struck out the recitals of the ordinance, holding that it had no application. The ordinance provided that it was unlawful for anyone under fifteen years of age to be upon the street after nine o'clock p. m. from the first day of March to the last day of September, or after eight o'clock p. m. from the first day of October to the last day of February of each year, unless accompanied by parent, guardian or other person in custody of the minor.

The plaintiff insists that unless the violation of the city ordinance was the proximate cause of the accident it was without ef-

fect, and that defendant does not allege that the violation of the city ordinance was the proximate cause of the injury and that it constituted no defense in the action for damages against the owner of the automobile.

Appellee further contends that the city ordinance was not a traffic regulation and did not constitute contributory negligence against the minor child. The ordinance made it an offense for any parent, guardian or other person who has the custody of the minor to permit or allow him to be upon the streets unaccompanied, and a penalty not exceeding $25 is assigned for each offense.

The answer of the defendant alleged that the plaintiff was nine years of age, that she went to a show unaccompanied by her parent or guardian and after the show was over she started home, and, while crossing Mill street in violation of the ordinance, she was struck and injured after nine o'clock p. m. by the defendant's automobile. Her presence on Mill street at the time of the collision may have been in violation of the ordinance, but it did not have any causal relation to the injury or constitute contributory negligence in that she was not accompanied by her parent, and neither her father nor herself were guilty of negligence which bars a recovery of damages.

There was no proximate cause of the plaintiff's accident in being unaccompanied by her father when defendant was negligently driving his automobile and causing the injury. None was alleged by defendant and it only gave the opportunity for the accident. The court therefore struck out the allegation because the ordinance was not a contributing factor to the injury. In *Anderson v. Sterrit*, 95 Kan. 483, 148 Pac. 635, the plaintiff, who was riding a bicycle, was struck by the defendant, who was driving an automobile in the streets of the city. The plaintiff had no license to ride his bicycle and carried no light, contrary to the provisions of an ordinance of the city. The absence of a license was held not to be a factor in the collision and did not constitute a defense to the action.

In *Walmsley v. Telephone Association*, 102 Kan. 139, 169 Pac. 197, plaintiff was caught by a low telephone wire which hung down over the wagon upon which plaintiff was riding. He carried a loaded rifle with him. The grain bin he was carrying on the wagon struck the rifle, discharging it, and the bullet entered the plaintiff's chest, severely injuring him. The evidence showed he had no hunting license, and the court cited a number of cases holding that the want

of a license was not a defense and did not contribute in the slightest degree to the plaintiff's injuries.

*Williams v. Electric Railroad Co.*, 102 Kan. 268, 170 Pac. 397, was another case where it was held in the syllabus that—

"A breach of a speed ordinance of a city by an interurban trolley car is negligence *per se;* but to subject the owner of the trolley car to liability for the violation of the city ordinance, in a damage suit by a private litigant, it must appear that the disobedience of the ordinance caused or aggravated the damages." (¶ 1.)

In *Griffith v. Atchison, T. & S. F. Rly. Co.*, 132 Kan. 282, 295 Pac. 687, the court held that a man at the railway crossing was struck and killed by an engine of the defendant. The court, in deciding it, said:

"While the breach of a city ordinance by a railway company is negligence *per se,* liability in damages cannot be predicated on its violation unless the breach of the ordinance is the proximate cause of the injury and damage, or substantially contributes thereto." (p. 286.)

In *Zumbrun v. City of Osawatomie*, 135 Kan. 26, 10 P. 2d 3, there was a complaint that the court refused to give effect to the relation of the city ordinance. It was held that—

"It is familiar law that where there is no causal connection between the breach of a statute or city ordinance and the wrong or injury complained of, its violation does not bar a recovery." (p. 34.)

See, also, *Wilson v. Rogers*, 140 Kan. 647, 38 P. 2d 124.

There were some others of the allegations of the answer stricken relating to the ordinance and some were not stricken which bore closely upon what might be shown as negligence on the plaintiff's part, but we think there are sufficient left in the answer to permit a showing of any negligence of which the plaintiff may have been guilty. As to the rulings on the motions, those stricken must be appealable or be the equivalent of a demurrer and can only be reviewed in the court after final judgment in the action. (*Redfield v. Chelsea Coal Co.*, 138 Kan. 373, 26 P. 2d 579.)

The title to the ordinance, as well as the provisions of the same, show that it was not a traffic ordinance, but is a regulation for the general welfare, the custody and control of children on the streets. Its title is:

"An Ordinance prohibiting and relating to persons under fifteen years of age from being on the streets, avenues, alleys, or other public places in the city of Beloit, Kan., at night after certain hours herein mentioned, and prescribing penalties for the violation thereof."

We think the pleadings as they are left will enable the defendant to prove any contributory negligence of which the plaintiff was guilty.

Our conclusion is that the court did not commit error in its ruling, and therefore the judgment is affirmed.