No. 40,925

NICK MAREL, *Appellant,* v. CITY OF TONGANOXIE, KANSAS, a Municipal Corporation, *Appellee.*

(325 P. 2d 51)

 

*Charles D. Stough*, of Lawrence, argued the cause, and *James W. Paddock*, of Lawrence, was with him on the briefs for the appellant.

*James Yates*, of Kansas City, argued the cause, and *Frank L. Bates*, of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action by a property owner to recover damages from defendant city alleged to have resulted from a change of grade of a street in front of his property.

Plaintiff appeals from an order sustaining in part defendant's motion to strike certain allegations of the petition and to make other portions thereof definite and certain.

Plaintiff frankly concedes that the ruling in question ordinarily would not be an appealable order (*Parrack v. Wittman*, 180 Kan. 193, 302 P. 2d 1005; *Nausley v. Nausley*, 181 Kan. 543, 545, 313 P. 2d 302), but contends that in this instance the trial court abused its discretion, and that in effect the order is a final order which affects plaintiff's substantial rights and in reality determines the action.

We are unable to agree with this contention and feel compelled to dismiss the appeal.

In view of this disposition of the case we consider it unnecessary to set out the allegations of the petition and the portions thereof attacked by defendant's motion. The most that may be said for the petition is that it contains numerous conclusions unsupported by allegations of facts, and it is very difficult, if not impossible, to determine precisely upon what specific theory plaintiff is proceeding. The petition is unlike that in the recent case of *Bob May Chevrolet Co., Inc., v. City of Hugoton*, 181 Kan. 546, 313 P. 2d 259.

In no sense of the word may it be said the ruling here involved is a final order within the meaning of G. S. 1949, 60-3303. The effect of it merely is to require plaintiff to proceed upon a definite theory and to allege the facts upon which he relies for recovery.

He was granted thirty days in which to file an amended petition, but, instead of amending, perfected this appeal.

We have examined all contentions but are forced to the conclusion that, standing alone, the trial court's ruling is not an appealable order and that the appeal must be dismissed.

It is so ordered.