No. 41,397

W. J. Kelly, *Appellant,* v. Paul Nelson, Mrs. Paul Nelson and Albert M. Wheeler VFW Post, No. 1158, a Corporation, *Appellees.*

(339 P. 2d 64)

Opinion filed May 16, 1959.

*Buford L. Shankel,* of Fort Scott, was on the brief for the appellant.

*Pete Farabi* and *M. E. Streckenfinger,* both of Pittsburg, were on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an action for recovery of money. Plaintiff has appealed from an order sustaining a motion to make the petition definite and certain and from an order striking the amended petition for noncompliance with the first-mentioned order.

Because of our disposition of this appeal we consider it unnecessary to burden the opinion with a detailed discussion of the allegations of the two petitions. In a general way it may be stated the petition alleged that defendant, Paul Nelson, with the consent of and by her authority, signed his defendant wife's name, Mrs. Paul Nelson, to a check in the amount of $680 and gave it to plaintiff; that defendant, Paul Nelson, was an employee and agent of defendant corporation; that it was the general business practice between him and said corporation to execute and deliver negotiable instruments, and that said corporation would then reimburse defendants Nelson for such expenditures. It was further alleged that two days after the execution and delivery of the check in question payment of the same was stopped by all three defendants and that they have refused and neglected to pay the indebtedness evidenced thereby.

Defendants filed a motion to make the petition definite and certain in that plaintiff be required to state the nature of the valuable consideration involved in the giving of the check, and to require that the nature of the authority of the defendants in connection with the giving of the check be set out.

This motion was sustained and shortly thereafter plaintiff filed an amended petition in which he failed to state the nature of the valuable consideration in compliance with the court's order, and further alleged that the agency relationship among defendants was unknown to him.

Defendants then filed a motion to strike the amended petition on the ground that it failed to comply with the previous order requiring the original petition to be made definite and certain.

This motion was sustained and plaintiff has appealed from both rulings and specifies each as error.

Under well-established principles, ordinarily rulings on motions to make definite and certain and to strike rest in the sound discretion of the trial court, and, standing alone, are not appealable. In other words, unless it appears such a ruling affects a substantial

right and in effect determines the action, it is not appealable. (*Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469; *Lofland v. Croman,* 152 Kan. 312, 316, 103 P. 2d 772; *Howell v. Flora,* 155 Kan. 640, 127 P. 2d 721; *Farran v. Peterson,* 181 Kan. 145, 149, 309 P. 2d 677.)

In no sense of the word may it be said that either of the orders in question was a final order within the meaning of G. S. 1949, 60-3303. Neither order affected a substantial right of plaintiff or prevented a judgment. Plaintiff has not been deprived of his day in court and may still file an amended petition. Under the record there is no showing that the trial court abused its discretion in ruling as it did. Neither of the orders, standing alone, constitutes an appealable order, and the appeal is therefore dismissed.