No. 41,728

Richard Lee, *Appellee,* v. John Johnson, *Appellant.*

(350 P. 2d 772)

Opinion filed April 9, 1960.

*Thomas W. Hampton,* of Salina, argued the cause, and *E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, Howard G. Engleman, C. Stanley Nelson* and *Jack N. Stewart,* all of Salina, were with him on the briefs for the appellant.

No appearance by appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for damages for personal injuries alleged to have resulted from the negligence of the defendant (appellant). This appeal is from an order of the trial court sustaining plaintiff's (appellee's) motion to strike certain portions of defendant's answer.

It may be noted that while plaintiff prevailed in the lower court, he has made no appearance or attempt to aid this court in arriving at a legal conclusion on the questions raised. Such practice does not have our approval. (*Doss v. McClelland,* 186 Kan. 173, 174, 348 P. 2d 837; *Boggs v. City of Augusta,* 180 Kan. 831, 833, 308 P. 2d 72.)

Plaintiff, in his amended petition, sought to recover for personal injuries allegedly caused by the negligence of defendant when the vehicle driven by the latter struck plaintiff as he was in the act of attaching a chain from defendant's truck to another truck "stuck in the snow in a pasture owned by" defendant.

Defendant's answer to the petition contained a specific and general denial, as well as allegations that plaintiff was an employee of defendant, that all the risks and dangers connected with the situation at the time and place involved were apparent to plaintiff and that plaintiff assumed the risk incident to his employment. Paragraph *three* of the answer contained the allegation that "plaintiff was guilty of contributory negligence which was the proximate cause of the injury, if any, sustained by him." Paragraph *four* alleged that "the incident referred to in the plaintiff's Amended Petition was, insofar as this defendant is concerned, the result of a mere accident, for which this defendant cannot be held responsible or liable in damages." Paragraph *five* denied that plaintiff received the damages and injuries as set forth in the petition, and further alleged that "except for a short period of hospitalization the plaintiff has been gainfully employed and received an income in excess of that alleged in said petition, and by reason thereof has sustained no damages other than the medical expenses set forth in said amended Petition."

Plaintiff moved to strike paragraphs *three* and *four* of the answer as conclusions, and to strike the quoted portion of paragraph *five* as prejudicial. The court sustained plaintiff's motion to strike paragraphs *three* and *four* on the ground there was nothing in the answer to support the conclusions of contributory negligence and of mere accident, and struck the quoted portion of paragraph *five*

as being prejudicial. The trial court gave defendant twenty days in which to file an amended answer. From the order sustaining plaintiff's motion to strike, defendant appeals.

While several questions are discussed in defendant's brief, we must first determine the question of our jurisdiction; *i. e.*, did defendant appeal from an appealable order? Our jurisdiction to reverse, vacate or modify an order of the district court is controlled by G. S. 1949, 60-3302, which reads in pertinent part:

"The supreme court may reverse, vacate or modify any of the following orders of the district court . . . *First*—A final order."

G. S. 1949, 60-3303 defines the term "final order." It reads in pertinent part:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, . . ."

It is a well-established rule in this state that rulings on motions to strike, regardless of whether such motions have been sustained or overruled, rest in the sound discretion of the trial court and are not appealable under sections 60-3302 and 60-3303, and of a certainty do not result in reversible error, unless such rulings are final, affect a substantial right or, in effect, determine the action. (*Nausley v. Nausley*, 181 Kan. 543, 545, 313 P. 2d 302; *In re Estate of Sims*, 182 Kan. 374, 378, 321 P. 2d 185, and the many cases therein cited.) See also *Krey v. Schmidt*, 170 Kan. 86, 223 P. 2d 1015.

It is apparent from the record that there has been no final judgment rendered in this action. The trial court's order striking paragraphs *three* and *four* from defendant's answer amounted to nothing more than striking conclusions pleaded by defendant and giving him twenty days to reassert and plead the facts in the answer upon which he based his conclusions of contributory negligence and mere accident. It is clear that each defense may be reasserted in the amended answer as a pleaded defense and the court's ruling did not deprive defendant of such defense. In other words, the ruling did not affect a substantial right or, in effect, determine the action. With reference to the striking of the quoted portion of paragraph *five*, we cannot say the trial court abused its discretion in so doing. We see no reason why such matters may not be shown under the allegations of the remaining portion of the answer.

Having reviewed the record as above indicated, we are satisfied that the sustaining of the motion to strike the mentioned portions

of defendant's answer under the facts heretofore related did not constitute an abuse of discretion nor did it result in prejudice to defendant's substantial rights. The ruling was not a final order as contemplated by our civil code and is therefore not appealable. The appeal is dismissed.

It is so ordered.