No. 42,447

MARIA S. VAKAS, Administratrix, *Appellee*, v. RONALD COLLINS, *Appellant*, and LEE PYLE, *Defendant*.

(368 P. 2d 271)

Opinion filed January 20, 1962.

*Kirke C. Veeder*, of Independence, argued the cause and was on the brief for the appellant.

*T. Richard Liebert*, of Coffeyville, argued the cause, and *Frank W. Liebert*, of Coffeyville, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action for wrongful death arising out of an automobile collision.

The appeal is by one of the defendants—Ronald Collins—from orders denying his motions to dismiss the action and to strike a paragraph from the supplemental amended petition, and from an order overruling his separate demurrer to the supplemental amended petition.

The other defendant—Lee Pyle—is not a party to this appeal. The personal representative of the deceased will be referred to as plaintiff. Collins will be referred to as defendant.

The questions involved will be apparent as the facts are developed. Dates are important.

The death occurred on February 15, 1958.

Plaintiff's petition was filed June 24, 1958.

On September 24, 1958, an amended petition was filed.

Defendant appealed from an order overruling his demurrer to the amended petition. On June 13, 1959, this court affirmed that ruling and held such pleading stated a cause of action (*Vakas, Administratrix v. Collins,* 185 Kan. 103, 340 P. 2d 99).

Later—on a date not shown—defendant, alleging that he was a minor, filed a motion to quash and set aside the purported service of summons had on him back on June 24, 1958, the date the action was filed.

On June 10, 1960, after a full hearing, the court found that on June 24, 1958, defendant was a minor seventeen years of age and that the attempted service of summons on him on that date was legally insufficient, and sustained the motion to quash and set aside.

Plaintiff did not appeal from that order.

On June 10, 1960, the date of the foregoing order, plaintiff filed a praecipe for summons—

". . . service to be pursuant to G. S. 1949 60-408."

On June 10, 1960, a new summons was issued, and on that date was served on each parent of defendant as his natural guardian, by residence service.

As to defendant himself, the sheriff's return showed that he could not be found—

". . . since he is presently in the U. S. Navy,"

and a copy was left at his usual place of residence on June 13, 1960.

On June 20, 1960, plaintiff filed a motion for permission to file a supplemental amended petition—

". . . solely for the purpose of adding an additional paragraph setting up facts supplementing the statement of the cause of action against the Defendant, Ronald Collins."

On July 6, 1960, the court made an order in which it found that on June 13, 1960, valid service of summons had been made on defendant in compliance with G. S. 1949, 60-408, and further ordered

that Mr. Veeder—defendant's counsel—be appointed as his guardian *ad litem.* In addition, plaintiff was granted leave to file a supplemental amended petition as requested.

On July 6, 1960, plaintiff filed her supplemental amended petition. Except for the addition of paragraph 9, it was in form and substance identical to the amended petition which, in *Vakas, Administratrix, v. Collins,* above, was held to state a cause of action.

Paragraph 9 of the supplemental amended petition—and which gives rise to the basic question in this case—reads:

"9. That the defendant Ronald Collins after the cause of action herein stated against him arose did depart from the State of Kansas on or about the 17th day of February, 1959, and has been absent from the State of Kansas, as a member of the United States Navy, at all times subsequent thereto and by reason thereof the time subsequent to February 17, 1959, is not computed for purposes of the running of the Statute of Limitations."

On July 26, 1960, defendant filed two motions.

One was for an order dismissing the action on the grounds that—

(1) "the files and records in the above action disclose that plaintiff cannot legally maintain this action against movant,"

and

(2) "the files and records in the above action disclose that the condition under which plaintiff might maintain the above action against this defendant has not occurred, and cannot occur."

The other motion sought to strike paragraph 9, above, from the supplemental amended petition on the grounds that—

(1) "said paragraph is surplusage and redundant."

(2) "the allegations of said Paragraph 9 are immaterial, and tend to create a false issue in the above action."

and

(3) "the allegations of said Paragraph 9 are prejudicial and constitute no part of plaintiff's alleged cause of action averred against movant."

On September 28, 1960, the motions to dismiss the action and to strike paragraph 9 from the supplemental amended petition were denied, and defendant was granted twenty days in which to plead or answer.

On October 18, 1960, defendant filed a demurrer to the supplemental amended petition on the following grounds:

"1.

"Said supplemental amended petition fails to allege facts sufficient to state a cause of action in favor of plaintiff and against this defendant.

"2.

"That at the date, June 10, 1960, when plaintiff had a summons issued herein against this defendant, there existed no cause of action for wrongful death in favor of plaintiff and against this defendant.

"3.

"That at the date, June 13, 1960 when plaintiff endeavored to commence this action by having the summons issued herein served upon this defendant, there existed no cause of action for wrongful death in favor of plaintiff and against this defendant.

"4.

"That when plaintiff filed said supplemental amended petition herein, July 6, 1960, there existed no cause of action in favor of plaintiff and against this defendant for wrongful death as attempted to be alleged in said supplemental amended petition.

"5.

"That said supplemental amended petition and the record in this action discloses that judgment should be entered herein in favor of this demurring defendant and against plaintiff."

On December 5, 1960, the demurrer was overruled.

On December 23, 1960, defendant appealed from the orders of September 28, 1960, denying his motions to dismiss the action and to strike paragraph 9, and from the order of December 5, 1960, overruling his demurrer to the supplemental amended petition.

Each of the three orders is specified as error.

At this point reference should be made to five statutes—one federal—and four of our own.

The wrongful-death statute, G. S. 1959 Supp. 60-3203, under which this action was brought, provides:

". . . The action must be commenced within two (2) years."

G. S. 1949, 60-301, reads:

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

G. S. 1949, 60-303, reads:

"Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."

G. S. 1949, 60-308, in material part reads:

"An action shall be deemed commenced within the meaning of this article, . . . at the date of the summons which is served on him, . . . An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this article when the party faithfully,

properly and diligently endeavors to procure a service; but such attempt must be followed by . . . service of the summons within sixty days."

Section 525, Title 50, Appendix, USCA, being a part of what is commonly known and referred to as the Soldiers' and Sailors' Civil Relief Act, reads:

"§ 525. STATUTES OF LIMITATIONS AS AFFECTED BY PERIOD OF SERVICE

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, . . ."

Although we have concluded that plaintiff's motion to dismiss this appeal must be sustained, it nevertheless is necessary to summarize briefly the contentions of defendant as to the *merits* in order to show the basis of our decision. They are:

The death, which is the basis of this action, occurred on February 15, 1958. The wrongful-death statute, above, provides that the action must be commenced within two years. The purported service of summons on June 24, 1958, on the minor defendant, was vacated and set aside on June 10, 1960, as being legally insufficient to comply with G. S. 1949, 60-408. No appeal was taken from that order and it became final. The new summons was dated June 10, 1960, and was served on defendant on June 13, 1960. This action, therefore, if "commenced" at all, was, under G. S. 1949, 60-308, above, not *commenced* until June 10, 1960, which date was long after the expiration of two years from the date of death.

It also is contended that as the cause of action for wrongful death was unknown to the common law and is purely of statutory creation, the requirement that the action be commenced within two years from the date of death is not a statute of limitations in the ordinary sense, but rather is a condition of substantive law provided by the statute creating the cause of action, and is a condition imposed upon the exercise of the right of action granted and is not governed by statute of limitations provisions of our code of civil procedure. In support of this we are referred to *Rodman v. Railway Co.*, 65 Kan. 645, 654, 70 Pac. 642, 59 L. R. A. 704; *Bowles v. Portelance*, 145 Kan. 940, 67 P. 2d 419, and to the statement referring to the wrongful-death statute appearing at page 200 in *Domann v. Pence*, 183 Kan.

196, 326 P. 2d 260. (See also *Terrell v. Ready Mixed Concrete Co.,* 174 Kan. 633, 639, 640, 641, 258 P. 2d 275). Reference also is made to *Bohrer v. State Highway Comm.,* 137 Kan. 925, 22 P. 2d 470, where it was held that general provisions relating to the statute of limitations are not applicable to a statute which creates a liability where none existed previously and which fixes the time within which an action must be brought.

Further, it is contended that the provisions of the federal act, above quoted, were enacted for the protection of a defendant service man and not for a civilian plaintiff; that if plaintiff could obtain valid service of summons on defendant, a service man, in June, 1960, he could have done so prior to the expiration of the two-year period even though defendant was in the military service, and that the federal act has application only to matters involving a statute of limitations and is inapplicable to the provision of our wrongful-death statute which, as a matter of substantive law, requires that the action be commenced within two years—all reasons and excuses to the contrary notwithstanding.

It therefore is contended that the trial court erred in denying the motion to dismiss the action and the motion to strike paragraph 9 from the supplemental amended petition, and in overruling the demurrer to that pleading.

Plaintiff insists the appeal must be dismissed, but that, if it properly is here on the merits, contends that the plain wording of the federal provision, above, "any action . . . by or against any person in military service" includes the situation here presented and applies to prevent the "period of military service" from being included in computing the time provided by law for bringing a wrongful-death action, and therefore the allegation contained in paragraph 9 of the supplemental amended petition that defendant had been in the military service at all times subsequent to February 17, 1959 (which date was one year and two days subsequent to the death), prevents the cause of action from failing on the ground it was not commenced within two years from the date of death, and therefore defendant's motion and demurrer were properly overruled.

Concerning her motion to dismiss the appeal, plaintiff's contention, briefly, amounts to this:

The sole issue raised by defendant's motions to dismiss the action and to strike paragraph 9 from the supplemental amended petition, and the demurrer to that pleading, concerns the right to bring this

action more than two years after the date of death. Although denominated motions to dismiss and to strike, those motions, in substance, were demurrers—and were so regarded by the parties and the trial court. They were denied on September 28, 1960. No appeal was taken until December 23, 1960, which was more than two months after the ruling (G. S. 1949, 60-3309). The demurrer amounted to nothing more than a request for a "rehearing" on the motions which had been denied, and the time for taking an appeal was not extended by the filing of a demurrer raising the same question presented by the motions.

With respect to the motion to dismiss the appeal, defendant contends:

The orders of September 28, 1960, denying the motions to dismiss the action and to strike paragraph 9 from the supplemental amended petition, standing alone, were not appealable orders. Until his demurrer to the supplemental amended petition was overruled defendant could not appeal. The demurrer was overruled on December 5, 1960, and the appeal was timely perfected on December 23, 1960, from that ruling, and also from the rulings on the motions—which is permitted under G. S. 1959 Supp. 60-3314a.

We concede the elementary rule to be that ordinarily a ruling on a motion to strike is not appealable, and particularly where the motion is denied. The same is true where a motion to dismiss an action is denied. On the other hand, if the motion to strike is in reality tantamount to a demurrer the ruling thereon is appealable. (*Cow Creek Valley Flood Prevention Ass'n v. City of Hutchinson,* 163 Kan. 261, 263, 181 P. 2d 320.) The same would be true of a ruling on a motion to dismiss, if in fact the motion is the equivalent of a demurrer.

On December 5, 1960, the date the demurrer to the supplemental amended petition was overruled, the trial court made the following findings and order—and we quote material portions of the journal entry:

"1. That heretofore, to-wit, on the 9th day of September, 1960, the defendant, Ronald Collins, by and through Kirke C. Veeder, his guardian ad litem and attorney, presented arguments in support of two motions, to-wit: 'Motion of Ronald Collins, Defendant to Strike from Supplemental Amended Petition' and 'Motion of Ronald Collins, Defendant to Dismiss Action', *and that said arguments in support of said motions attacked the legal sufficiency of the allegations of paragraph 9 of the Supplemental Petition filed herein to state facts sufficient to support a cause of action against said Defendant*

*Collins;* that a brief in support of said Motions was presented to this court by the said attorney for defendant, Ronald Collins, and the court, after hearing arguments of counsel on said date, took the same under advisement until the 28th day of September, 1960, and on said date this court overruled both of the said Motions *on the grounds that the allegations contained in paragraph 9 of the Supplemental Petition of the plaintiff filed herein do state facts, which together with the other allegations of the petition constitute the statement of a cause of action on the part of the plaintiff against said defendant, Ronald Collins;*

"2. That the argument in support of the Demurrer of Ronald Collins, defendant, to plaintiff's supplemental petition argued this date, to-wit, December 5, 1960, *raised the same legal questions heretofore determined by this court on September 28, 1960.* That said decision and order of this court has not been modified or changed and no appeal has been taken therefrom and said order constituted the determination of the *legal sufficiency* of said Supplemental Petition and the issues raised in said Motions and in the said Demurrer presented this date.

"3. That heretofore under the order of this court on September 28, 1960, this court found that 50 U. S. Code Appendix, Section 525, does apply to the allegations of the Plaintiff set out in paragraph 9 of said Supplemental Petition *and does enable the said facts as set out in plaintiff's supplemental petition to state a cause of action* on behalf of the plaintiff against the said defendant, Ronald Collins.

"4. The court further finds that said Demurrer, for the reasons herein set forth, ought to be overruled.

"It Is Therefore by the Court Considered, Ordered, Adjudged and Decreed that the 'Demurrer of Ronald Collins, Defendant, to Plaintiff's Supplemental Petition' be and the same is hereby overruled *on the grounds that the legal questions raised on said demurrer have been heretofore determined by this court in its order of September 28, 1960,* and on the further ground that the said Supplemental Petition states a cause of action on behalf of the plaintiff and against the defendant, Ronald Collins." (Our emphasis.)

From the foregoing, what occurred in the trial court is readily apparent. The sufficiency of the amended petition to state a cause of action had already been determined in the former appeal. Except for the addition of paragraph 9 the supplemental amended petition was identical to the amended petition. Although couched in different language, the basic point of the motions and the demurrer was that the action could not be maintained because it was not *commenced* within two years. Each of the motions and the demurrer challenged the sufficiency of the supplemental amended petition on that ground.

In *Rockhill, Administrator v. Tomasic,* 186 Kan. 599, 604, 605, syl. 4, 352 P. 2d 444, although factually different in that there an order to strike was sustained, a somewhat similar question was

involved and it was held that the time permitted for perfecting an appeal could not be extended by the defendant merely repleading essentially the same facts, differing in form only, and raising precisely the same issue of law previously ruled upon.

In *In re Estate of Shirk*, 188 Kan. 513, 363 P. 2d 461, it was held:

"Where a plaintiff moves to strike separately numbered defenses from the defendant's answer upon the ground in effect that the defenses do not state facts sufficient to constitute a defense, and after the overruling of such motions demurs to each of the separate defenses in reality raising the same question for reexamination thereof by the court, the time for appeal dates from the order upon the motions to strike and is not extended by the filing of the demurrers." (syl.)

and in the course of the opinion it was said that it is quite clear that the time for an appeal is not extended by asking the trial court for a reexamination of the same question of law. (p. 516.)

And so here. Looking through form to substance, it is clear that under the facts of this case the motions in question were equivalent to demurrers—and rulings thereon were therefore appealable. They were denied on September 28, 1960. The appeal was not taken until December 23, 1960, which was more than two months later. (G. S. 1949, 60-3309.) The filing of the demurrer raising precisely the same issue of law previously ruled upon did not extend the time for taking an appeal. The holding in this case is in no way to be construed as an "invitation" to litigants to appeal every time a motion to dismiss or to strike is denied, and our decision is based solely upon and confined to the peculiar and unusual facts presented by this record.

The appeal—not being taken in time—is dismissed.

FATZER, J., dissenting: This appeal was perfected on December 23, 1960. The notice specified it was from an order entered December 5, 1960, overruling the defendant's demurrer to the supplemental amended petition, and also from orders of September 28, 1960, overruling the defendant's motions to dismiss the action and to strike a paragraph from the supplemental amended petition.

The court is dismissing the appeal because it was not timely perfected.

The decision is based upon the conclusion that the motions to dismiss and to strike were "equivalent" to demurrers and the orders *overruling* them on September 28, 1960, were final appealable orders, and that the subsequent filing of the demurrer

asked the court to re-examine the same question of law as presented by the motions and, although expressly made appealable by statute, the order of December 5, 1960, did not extend the time for the defendant to perfect an appeal, hence the attempted appeal on December 23, 1960, was not timely perfected.

In my opinion the court's decision is erroneous for several reasons. In the first place, as hereafter noted, it is in conflict with well-settled rules of appellate procedure based upon statutory laws and decisions of this court construing them. In the second place, it creates confusion and delay in the administration of justice. Doubt and uncertainty will result to the Bench and Bar as to when an order *overruling* a motion to dismiss an action, or to strike from a petition or answer, is a final appealable order, and when and under what circumstances the court will or will not "construe" such motions to be "equivalent" or "tantamount" to a demurrer so as to be an appealable order. The court is not only inviting litigants to appeal from all orders overruling their motions to dismiss or to strike, but the decision requires that appeals must necessarily be perfected to protect their rights, which will produce a cluttered state of the docket of this court, and result in the trial of litigants' cases "piecemeal" in the district court.

Were the court to follow established rules of procedure in deciding this case, it would entertain the appeal and reverse the judgment for the following reasons:

Under G. S. 1949, 60-3302, provision is made for appeal to this court under four classifications, only two of which are here involved—"*First,* a final order. *Second,* an order . . . that sustains or overrules a demurrer." Under G. S. 1949, 60-3303, a final order is defined as one which affects a substantial right in an action and in effect determines the action and prevents a judgment. A demurrer is a pleading (G. S. 1949, 60-703), while a motion is not (G. S. 1949, 60-720; *Dole Irrigation Supply v. Knackstedt,* 186 Kan. 143, 348 P. 2d 602), and the appealability of orders disposing of them materially differs. An order made with respect to the former, either sustaining or overruling it, is expressly made appealable. But not so with respect to orders concerning motions to dismiss an action or to strike from a pleading. To be appealable, they must be "final orders" as defined in G. S. 1949, 60-3303.

It is unnecessary to review all of our cases dealing with motions to dismiss an action, but it may be said it has been uniformly held

that an order of the district court *overruling* a defendant's motion to dismiss an action is not a final order and, prior to final judgment, is not appealable. On the other hand, an order which *sustains* such a motion is a final order as defined in 60-3303, and is appealable. Such an order speaks with finality. It ends the proceeding. In *Runnels v. Montgomery Ward & Co.*, 165 Kan. 571, 195 P. 2d 571, it was held:

"An order *overruling* a motion to dismiss an action does not constitute a final order within the meaning of G. S. 1935, 60-3302; 60-3303 and, prior to final judgment, is not appealable." (Syl. ¶ 2.)

And in *Maichel v. Coleman*, 167 Kan. 93, 204 P. 2d 731, it was said:

"An order *sustaining* a motion to dismiss an action is a final and appealable order. An order *overruling* a motion to dismiss an action is not a final order and prior to final judgment is not appealable. (*Pulliam v. Pulliam*, 163 Kan. 497, 499, 188 P. 2d 220; *Runnels v. Montgomery Ward & Co.*, 165 Kan. 571, 573, 195 P. 2d 571; *Singleton v. State Highway Comm.*, 166 Kan. 406, 201 P. 2d 650; *Kansas State Highway Comm. v. Moore*, 166 Kan. 408, 201 P. 2d 652.) (l. c. 93.)

To the same effect are *In re Estate of Grindrod*, 158 Kan. 345, 148 P. 2d 278; *In re Estate of West*, 167 Kan. 94, 95, 204 P. 2d 729; *Cities Service Gas Co. v. Krehbiel*, 168 Kan. 69, 70, 211 P. 2d 68; *In re Estate of Hilliard*, 170 Kan. 617, 619, 228 P. 2d 536, and *Western Light & Telephone Co. v. Toland*, 177 Kan. 194, 195, 277 P. 2d 584.

The rule is equally well settled with respect to the appealability of motions to strike. To be reviewable, and therefore appealable, *they must be sustained*, striking out allegations which affect a substantial right, and in effect determine all or a part of the action, or in case of an answer, deprive the defendant of a meritorious defense, which, if supported by evidence, would defeat the plaintiff's cause of action or a part thereof. (*Nelson v. Schippel*, 143 Kan. 546, 547, 56 P. 2d 469; *Nausley v. Nausley*, 181 Kan. 543, 545, 313 P. 2d 302; *Fernco, Inc., v. Kennedy*, 181 Kan. 25, 30, 309 P. 2d 400; *Farran v. Peterson*, 181 Kan. 145, 147, 309 P. 2d 677; *Marshall v. Duncan*, 182 Kan. 540, 543, 544, 322 P. 2d 762; *Lee v. Johnson*, 186 Kan. 460, 350 P. 2d 772; *Hodge v. Freeman*, 187 Kan. 650, 653, 359 P. 2d 845; *Schauf v. Peter Kiewit & Sons Co.*, 187 Kan. 180, 182, 354 P. 2d 687.) But all orders *sustaining* motions to strike are *not* final appealable orders since they do not all affect a substantial right, or determine all or a part of a suit. (*Runnels v. Montgomery*

*Ward & Co.,* supra; *Maichel v. Coleman,* supra; *Krey v. Schmidt,* 170 Kan. 86, 90, 223 P. 2d 1015; *Marel v. City of Tonganoxie,* 183 Kan. 102, 325 P. 2d 51; *Kelly v. Nelson,* 184 Kan. 803, 339 P. 2d 64; *Lee v. Johnson,* supra; *Taylor v. Hostetler,* 186 Kan. 788, 352 P. 2d 1042.)

It has been consistently held that an order *overruling* a motion to strike allegations from a pleading did not constitute a final order within the meaning of G. S. 1949, 60-3302 and 60-3303, and, prior to final judgment, was not appealable. (*Barnhouse v. Rowe,* 178 Kan. 248, 252, 284 P. 2d 618, Syl. ¶ 2; *Nelson v. Schippel,* supra; *Nausley v. Nausley,* supra; *Fernco, Inc., v. Kennedy,* supra; *Farran v. Peterson,* supra; *Marshall v. Duncan,* supra; *Lee v. Johnson,* supra; *Hodge v. Freeman,* supra; *Schauf v. Peter Kiewit & Sons Co.,* supra.) And there are many other decisions to the same effect. However, three cases hold otherwise: One is *In re Estate of Shirk,* 188 Kan. 513, 363 P. 2d 461, cited in the majority opinion, which involved the *overruling* of separate motions to strike affirmative defenses on the ground they were insufficient in law to state a defense. The other two are *Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010, and *Collins v. Richardson,* 171 Kan. 152, 230 P. 2d 1018. The appeal in each of those cases was from an order overruling *a motion to dismiss the action* for the reason the district court had no jurisdiction to hear and determine the case. It was pointed out in the Wright case, notwithstanding the rule that orders overruling motions to dismiss are not ordinarily final orders and therefore not appealable (G. S. 1949, 60-3302), that since counsel and the court below treated the motion as "tantamount" to a demurrer, this court on appeal would regard it as equivalent to an order overruling a demurrer (G. S. 1949, 60-705, *First*), and considered the case on its merits. Apparently the court overlooked the rule that jurisdiction of the subject matter cannot be given by consent. In the Collins case it was stated that the "motion raises a question of the jurisdiction of the court the same as a demurrer would have done under G. S. 1949, 60-705, *First,*" and the appeal was decided on the merits. It was further stated that there were "three" other plaintiffs in the action pending below and this court said, "There certainly is no reason as to them why the action should be dismissed." While cognizant of those decisions, I do not think they are sound because they permit the court on appellate review to "construe" a particular

motion to strike or to dismiss and determine for itself whether it is or is not an appealable order rather than to determine the question in accordance with the statute and our decisions construing them.

Some of our decisions contain statements that for an order *striking* certain allegations from a petition to be appealable it must amount to the sustaining of a demurrer (*Fox v. Ryan,* 121 Kan. 172, 246 Pac. 520; *Wigton v. Donnelly,* 122 Kan. 796, 253 Pac. 400; *Redfield v. Chelsea Coal Co.,* 138 Kan. 373, 26 P. 2d 579; *Estes v. Tobin Construction Co.,* 155 Kan. 564, 565, 127 P. 2d 720), and that an order *sustaining* a motion to strike from an answer which constitutes a final order has the same effect as a demurrer (*Rockhill, Administrator v. Tomasic,* 186 Kan. 599, 352 P. 2d 444; *McCausland v. File,* 141 Kan. 120, 40 P. 2d 323; *Gas Service Co. v. Consolidated Gas Utilities Corp.,* 150 Kan. 715, 717, 96 P. 2d 608), but those decisions were all premised upon the fact that the motion to strike was *sustained* which affected a substantial right in the action and in effect determined the action, hence they were "final orders" as defined in 60-3303, although referred to as having the same effect as a demurrer.

The majority opinion cites *Rockhill, Administrator v. Tomasic,* supra, in support of its conclusion. I agree with the holding in that case, but it is clearly not in point. I am also in accord with what was there said that the time for taking an appeal from an order *striking* allegations involving the merits of a cause of action or defense cannot be extended by alleging the same cause of action or defense in a subsequent pleading and taking an appeal from a second order striking the cause of action or defense, but likewise that is not the case here.

The pivotal question in the case is, were the orders of September 28, 1960, final appealable orders? The court holds they were, and reaches that conclusion by *construing* them as being "equivalent" to demurrers. It relies principally upon the fact that the district court was required to pass upon the same question of law in ruling upon the demurrer as was presented by the motions. Assuming, *arguendo,* that was the case, that fact does not change the character of the motions, neither does it make them appealable after being *overruled,* nor permit their construction as being "equivalent" to demurrers. We are here dealing with the *appealability* or the

*finality* of orders which would give this court jurisdiction to review the rightness or wrongness of the district court's disposition of the motions—not whether it was asked to re-examine the same question of law in ruling upon the demurrer as was presented by the motions. It is clear to me that, based upon our statutes and settled rules of law evidenced in our many decisions, the orders of September 28, 1960, *overruling* the defendant's motions to dismiss the action and to strike from the supplemental amended petition did not constitute final orders for appellate review, nor permit this court to label the motions as demurrers; consequently, had appeals been taken from those orders, this court would have been without jurisdiction to entertain the appeals. They simply were not final orders as defined in 60-3303. Because they were *overruled*—not *sustained*—they did not speak with finality; they did not end the proceeding. They were, however, reviewable in the appeal perfected December 23, 1960, from the order overruling the defendant's demurrer since the notice of appeal specified them as two of the prior orders from which the appeal was taken. (G. S. 1959 Supp., 60-3314a.)

In attacking the sufficiency of a pleading to allege a cause of action, or state a defense, counsel should always carefully select the pleading authorized by the code of civil procedure. A procedure of attack requiring a district court to twice pass upon the same legal question is not proper.

In conclusion, and very briefly considering the case on the merits, the action is one as though it were first commenced on June 13, 1960. Being brought more than two years after February 15, 1958, the date of the death of plaintiff's decedent, the action was not timely filed (G. S. 1959 Supp., 60-3203), and the demurrer should have been sustained. I would reverse the case and enter judgment for the defendant.

JACKSON, J., (concurring): The author of the dissenting opinion seems greatly disturbed about this case and about the case of *In re Estate of Shirk,* 188 Kan. 513, 363 P. 2d 461. As I see the question, it comes down to this, are we to be hypnotized by the name given a paper filed in a case or are we to look into the paper to see what is contained therein. If the view expressed by the dissenting opinion is followed, a pleader might plead one of the grounds for de-

murrer and call the paper a motion to dismiss (as is done in the federal rules), and if the trial court overrules the motion, then pleader could file a second motion to strike containing the same ground of demurrer. We will assume the trial court might be a little impatient and immediately overrule the motion to strike. Of course, if the trial court should sustain the motion, then it "would be tantamount to a demurrer" and be appealable at once; even the dissenting opinion agrees to that position. But the trial court still thinks he is right and overrules the motion to strike. Now, suddenly our pleader discovers the contents of G. S. 1949, 60-705, in the statute book and proudly files a demurrer but still on the same well-worn ground alleged in the motion to dismiss and also in the motion to strike. We assume the district court is affable and overruled the demurrer without further orders. Now the dissenting opinion would hold that our pleader should have sixty days after the order overruling his demurrer to bring his appeal to this court. I disagree.

In my limited time for research, I have failed to find a case in which a motion to strike which has been overruled has been held to be an appealable order, although there are many cases saying that the motion can be tantamount to a demurrer. However, in *Wright v. Rogers*, 167 Kan. 297, 205 P. 2d 1010, the court treated as a demurrer a motion to dismiss which was overruled by the trial court and the appeal was allowed. In *Collins v. Richardson*, 171 Kan. 152, 230 P. 2d 1018, the late Mr. Chief Justice Harvey followed the opinion of our present Chief Justice in the Wright case as to the motion being an appealable order.

It would appear to me that the mere name of a pleading is rather immaterial. The lawyer wants to know what question is raised.